■ GEOFFREY RICHSTONE, Appellant, v Q-MED, INC., et al., Respondents, et al., Defendant.—Judgment, Supreme Court, New York County (Burton Sherman, J.), entered October 22, 1991, which, after a non-jury trial, dismissed the amended complaint as against the defendants, on the merits, with prejudice, unanimously affirmed, with costs.

In the underlying action for *inter alia,* negligence, conversion and breach of contract, plaintiff seeks monetary damages allegedly sustained as a result of the allegedly unauthorized sale of twenty thousand shares of publicly traded common stock which had been issued to the plaintiff.

Upon review of a bench trial, the findings of fact should be viewed in a light most favorable to sustain the judgment, due deference should be accorded Trial Term in matters of credibility, and the findings of fact should not be disturbed unless such determination could not have been reached under any fair interpretation of the evidence. *(Nightingale Rest. Corp. v Shak Food Corp.,* 155 AD2d 297, *lv denied* 76 NY2d 702.)

Applying the foregoing principles, we find that the determination of the trial court, which had the opportunity to hear the conflicting testimony and evaluate the demeanor of the witnesses on cross-examination, that the plaintiff had, in fact, authorized defendant Malin as his designated agent for the sale and transfer of the stock certificates and that the endorsement on the stock certificates and the notarized authorization of the plaintiff to Dean Witter were not forgeries, was supported by the evidence presented at trial.

Plaintiff has, therefore, failed to demonstrate on appeal that the trial court's determination, was not supported by any fair interpretation of the evidence.

Similarly, in light of the foregoing, plaintiff's claims against defendants Dean Witter and Q-Med, Inc. are similarly without merit.

We have reviewed the plaintiff's remaining claims and find

them to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin and Kassal, JJ.