■ MATHEW BRADY, Respondent, v GEORGE ZAMBRANA et al., Appellants. [633 NYS2d 139] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered June 20, 1994, which, *inter alia*, granted plaintiff's motion to strike defendants' answer and to enter a default judgment unless defendants responded to all outstanding discovery requests within 30 days of service of the order with notice of entry and dismissed defendants' counterclaims, and order and judgment, same court and Justice, entered January 4, 1995 and January 20, 1995, respectively, which granted plaintiff's motion to strike defendants' answer and to enter a judgment in favor of plaintiff in the amount of $150,000 plus interest, unanimously modified, on the law and the facts, to the extent of directing the recalculation of the amount of interest in a manner consistent herewith, and otherwise affirmed, with one bill of costs to plaintiff.

The sanctions imposed by the IAS Court, the striking of the answer and entry of a default judgment, was proper (*see, Besson v Beirne*, 188 AD2d 330). Defendants' counsel offered as an excuse for defendant Zambrana's failure to appear for his deposition counsel's inability to contact Zambrana. Counsel further claimed that her ability to comply with document requests

had been "frustrated" by her own mother's health problems and by the health of Zambrana's mother. Counsel's explanations do not excuse the noncompliance with the discovery demands. Not one document or reply to an interrogatory was ever produced. Counsel's inability to locate defendant Zambrana in order to produce him for the deposition provides no basis for denying a motion to strike defendants' answer (see, Reitte v Entermy Cab Corp., 162 AD2d 259). Counsel did not cooperate in setting up a discovery schedule as directed at a preliminary conference, and never substantiated her claim that her plans to comply with discovery demands were "frustrated" by health emergencies. Finally, counsel did not comply with the court's June 1994 order that discovery be completed within 30 days.

The amount of interest awarded to plaintiff on the loan principal amount must be recalculated. The IAS Court applied the statutory rate of 9% per annum for the entire period starting on June 3, 1987, the date the parties' loan and other agreements were originally signed. However, the 5% contract rate of interest should be applied for the period from June 3, 1987 until February 28, 1990, the due date specified in the loan agreement and the promissory note, since no default occurred prior to the latter date. As for the post-February 28, 1990 period, since no provision was made for a default interest rate, the statutory rate of 9% is appropriate (Levy, King & White Adv. v Gallery of Homes, 177 AD2d 967, 968). Therefore, the matter should be remanded to the IAS Court for recalculation of the interest amount utilizing the rate of 5% before February 28, 1990 and 9% thereafter (Marine Midland Bank v 281 Groton Corp., 142 AD2d 941, 942).

We have considered defendants' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Ross, Tom and Mazzarelli, JJ.