■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTTIE COTTON, Appellant. [637 NYS2d 926] —Judgment, Supreme Court, New York County (Herbert Adlerberg, J.), rendered on or about February 17, 1994, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (See, Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Mazzarelli, JJ.

■ MARUN FASHION AND SPORTSWEAR, INC., Respondent, v GILLMAN KNITWEAR Co., Appellant, et al., Defendant. [637 NYS2d 927] —Order, Supreme Court, New York County (Carol Arber, J.), entered February 27, 1995 which, after a nonjury trial, insofar as appealed from, directed plaintiff buyer to return to defendant seller the money it received from selling the goods it purchased from defendant, less plaintiff's shipping costs, and directed plaintiff to return and defendant to accept return of the balance of the goods, unanimously affirmed, without costs.

The trial court's finding of fact that there was no meeting of the minds as to the terms of the sale, reviewed in a light most favorable to plaintiff, was a fair interpretation of the conflicting testimony and documentary evidence adduced at trial. The testimony of defendant's "expert" was ambiguous and susceptible of an interpretation supportive of plaintiff's position (see, Richstone v Q-Med, Inc., 186 AD2d 354).

We have considered defendant's other arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Mazzarelli, JJ.