LLOYD JACKSON, Respondent, v MARCATO ELEVATOR COMPANY, Appellant, et al., Defendant. (And a Third-Party Action.) [638 NYS2d 649]

While it is a harsh and drastic remedy to strike a pleading, the excuse offered—that defendant's attorney misfiled the motion due to a clerical error and did not find it until after the order had been entered—might have been acceptable were the lapse an isolated incident instead of part of a consistent pattern of failure to comply with disclosure demands and orders or even to come forward with timely statements of the reasons why compliance was not possible (*see*, *Brady v Zambrana*, 221 AD2d 171; *Hartwich v Young*, 149 AD2d 769). Even defendant's last-ditch effort to meet its disclosure obligations just before it moved to vacate the default fails to explain adequately its inability to produce the elevator inspection reports, critical to the claim of negligent maintenance, which service under the contract should have been performed on a bi-monthly basis. Nor does defendant show a meritorious defense. The affidavit of its vice-president, citing the opinion of a mechanic that the accident was caused by the overloading of the elevator with material by construction workers, is not made on personal knowledge, and is insufficiently detailed. Concur—Rosenberger, J. P., Ellerin, Rubin, Kupferman and Tom, JJ.