■ EXECUTIVE FASHIONS, INC., et al., Respondents, v LEE HOWARD et al., Appellants, and INTERNATIONAL FASHIONS, INC., Respondent. [689 NYS2d 480] —Judgment, Supreme Court, New York County (Irad Ingraham, J.), entered November 19, 1997, which, after a nonjury trial, dismissed defendant's counterclaim for breach of fiduciary duty, unanimously affirmed, with costs.

On appellate review of a nonjury trial, "the decision of the fact-finding court should not be disturbed * * * unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to * * * credibility" (*Claridge Gardens v Menotti*, 160 AD2d 544, 544-545; *accord, Langenbacher Co. v Tolksdorf*, 199 AD2d 64; *Richstone v Q-Med, Inc.*, 186 AD2d 354). In this case, the trial evidence enabled the court to conclude fairly that all three directors of the subject corporation, Executive Fashions (EFI), had consented, in accordance with the parties' memorandum

agreement, to the payment of salaries to EFI's "key men" who, in fact, were actually working in the business.

In addition, even if EFI's competitor, defendant International Fashions, was formed by EFI's directors in violation of their fiduciary duty of loyalty to EFI (see, e.g., Foley v D'Agostino, 21 AD2d 60, 66-69), we see no basis to disturb the trial court's finding that the competing venture generated no profits or other benefits upon which an otherwise justified constructive trust could have been impressed. It is undisputed, moreover, that defendant has recouped the entire balance of his investment in EFI, and more, and there is no basis, in any event, for an award of damages to him as an individual shareholder (see, Glenn v Hoteltron Sys., 74 NY2d 386; and compare, Grato v Grato, 272 NJ Super 140, 639 A2d 390, cert denied 138 NJ 264, 649 A2d 1285). Concur—Williams, J. P., Rubin, Mazzarelli, Andrias and Buckley, JJ.