■ Bruce Supply Corp., Respondent, v D & M Plumbing & Heating Corp. et al., Defendants, and CNA Surety Companies, Also Known as CNA Continental Insurance Company, Appellant. [737 NYS2d 642] —In a consolidated action to recover on a labor and material payment bond, the defendant CNA Surety Companies, also known as CNA Continental Insurance Company appeals from so much of a judgment of the Supreme Court, Richmond County (Ponterio, J.), dated November 27, 2000, as, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $61,992.74, plus prejudgment interest at the rate of 24% per annum.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding prejudgment interest at the rate of 24% per annum, and substituting therefor a provision awarding prejudgment interest at the rate of 9% per annum; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Richmond County, for a recomputation of prejudgment interest in accordance herewith.

The plaintiff agreed to furnish plumbing and construction supplies to the subcontractor, the defendant D & M Plumbing & Heating Corp. (hereinafter D & M), on a project located in Bronx County for which the defendant CNA Surety Companies, also known as CNA Continental Insurance Company (hereinafter CNA) served as surety on a labor and material payment bond. The bond provided that no claim could be brought thereunder unless notice had been served within 90 days of the last delivery of materials, and that any claim be litigated in Bronx County. The plaintiff commenced an action in Richmond County against D & M and Dennis Barrett for nonpayment of goods, and commenced a second action in Richmond County against CNA on the payment bond. The two actions were later consolidated on the parties' stipulation and consent.

The Supreme Court properly determined that the plaintiff complied with the notice requirement within 90 days of the

last delivery of back-ordered merchandise on April 15, 1996 (*see, USA Bridge Constr. of N.Y. v National R.R. Passenger Corp. [Amtrak],* 1999 WL 718078 [ED NY 1999]; *Lynbrook Glass & Architectural Metals Corp. v Elite Assoc.,* 225 AD2d 525).

However, the interest rate set forth on the back of the plaintiff's invoices should not have determined the rate of prejudgment interest (*see, Saratoga Spa & Bath v Beeche Sys. Corp.,* 230 AD2d 326, 333; *Haun Welding Supply v National Union Fire Ins. Co. of Pittsburgh, Pa.,* 222 AD2d 1099, 1100; *Rubin & Sons v Clay Equip. Corp.,* 184 AD2d 168, 171; *Levy, King & White Adv. v Gallery of Homes,* 177 AD2d 967, 968). Interest should have been calculated based on the statutory rate of 9% (*see,* CPLR 5004; *Saratoga Spa & Bath v Beeche Sys. Corp., supra*; *Haun Welding Supply v National Union Fire Ins. Co. of Pittsburgh, Pa., supra*; *Brady v Zambrana,* 221 AD2d 171, 172). The Supreme Court properly calculated interest from the date of the plaintiff's demand, which is when the cause of action accrued against the appellant (*see,* CPLR 5001 [b]; *Twenty Four Hour Fuel Oil Corp. v Hunter Ambulette-Ambulance,* 286 AD2d 496; *Saratoga Spa & Bath v Beeche Sys. Corp., supra*).

The appellant's remaining contentions are unpreserved for appellate review or without merit. Krausman, J.P., Friedmann, Adams and Crane, JJ., concur.