■ ROGER MILLER et al., Appellants, v RHONDA EPSTEIN et al., Plaintiffs, and WILLIAM R. DONIGER et al., Respondents. ROGER MILLER et al., Respondents, et al., Plaintiffs, v WILLIAM R. DONIGER et al., Appellants. [742 NYS2d 191] —Judgment, Supreme Court, New York County (Barry Cozier, J.), entered February 15, 2001, which, upon a jury verdict in favor of plaintiffs Roger Miller and Michael Epstein and against defendant William Doniger, awarded plaintiffs Miller and Epstein the principal amount of $2,545,809, plus interest, costs and disbursements, and bringing up for review orders, same court and Justice, entered on or about November 14, 2000, November 16, 2000, and January 17, 2001, which, inter alia, granted defendants' motion to set aside the verdict insofar as to set aside the jury's award of punitive damages but denied the motion with respect to the awards for fraudulent conveyance and breach of contract, unanimously modified, on the law, to reinstate the claims of plaintiffs Roger Miller and Michael Epstein against defendant William Doniger for punitive damages and the matter remanded for a new trial solely upon such punitive damage claims, and otherwise affirmed, with one bill of costs to plaintiffs. Appeals from the aforementioned orders entered on or about November 14, 2000, November 16, 2000 and January 17, 2001, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing February 15, 2001 judgment.

The trial court properly denied defendants' in limine motion to strike the jury demand, since plaintiffs' claims were primarily legal in nature and plaintiffs, under the facts alleged, could obtain full relief by means of a monetary award (see, Cadwalader Wickersham & Taft v Spinale, 177 AD2d 315, 316). We note in this connection that fraudulent conveyance claims which seek monetary damages only are legal in nature (see, Granfinanciera, S.A. v Nordberg, 492 US 33, 48-50), as are claims for common-law fraud and breach of fiduciary duty primarily seeking monetary relief (see, Lipson v Dime Sav. Bank of N.Y., 203 AD2d 161), and claims for unjust enrichment where an award of money would fairly compensate the party bringing the claim (see, Hudson View II Assoc. v Gooden, 222 AD2d 163, 168). A demand for punitive damages does not render such claims equitable (see, e.g., Murphy v American Home Prods., 136 AD2d 229; Swersky v Dreyer & Traub, 219 AD2d 321, 328).

While defendants are correct that a foreclosure by a disinterested third party is not a "conveyance," within the meaning of the Debtor and Creditor Law, the jury expressly found in its special verdict that there was no default and therefore no right

to foreclose, which finding was fully supported by the evidence, and thus the trial court properly denied defendants' post-trial motion to dismiss the fraudulent conveyance claims.

The evidence was sufficient to demonstrate that the assets of U-Vend, Inc., which plaintiffs claimed defendants fraudulently transferred, exceeded the amount of that company's debt to plaintiffs and that defendant Doniger, rather than defendant Anpres, Inc., took the assets of U-Vend for his personal benefit. Furthermore, he agreed to hold in trust for plaintiffs certain "ineligible receivables" that he actually succeeded in collecting and failed to remit after collection. Nor was the verdict on those issues against the weight of the evidence.

Although the trial court properly vacated the jury award of punitive damages since the jury charge on the matter could have misled or confused the jury, nevertheless, the evidence would have been sufficient to support the award, and therefore a new trial should be held on the issue of punitive damages.

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur— Mazzarelli, J.P., Andrias, Saxe, Wallach and Marlow, JJ.