■ ADAM T. COHEN, Appellant-Respondent, v KEITH D. GORDON et al., Respondents-Appellants. [745 NYS2d 914]

The appeal from the intermediate order dated December 19, 2000, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The appeal from the order dated May 10, 2001, is dismissed because no appeal lies from an order denying a motion for resettlement of the decretal paragraphs of a judgment (*see Hoeflschweiger v Decovnick,* 287 AD2d 694; *Celauro v Celauro,* 286 AD2d 471).

Pursuant to CPLR 4404 (a), a "court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence." A jury verdict should not be set aside and a new trial ordered unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129, 134). For a directed verdict, there must be "no

valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499). We decline to disturb the jury verdict as to the claim and counterclaim for breach of fiduciary duty. However, the award of damages to the defendant Keith D. Gordon, as reduced by the Supreme Court, must be further reduced to the sum of $142,607.41, because the evidence does not support an award in excess of that amount.

It is well settled that the purpose of awarding interest is to make an aggrieved party whole (*see Spodek v Park Prop. Dev. Assoc.,* 96 NY2d 577, 581). Since the plaintiff was entitled to the value of his interest in the defendant All Pets Veterinary Hospital, P.C., from March 16, 1998, interest on that value shall accrue as of that date (*see* CPLR 5001 [a]; *Bruce Supply Corp. v D & M Plumbing & Heating Corp.,* 291 AD2d 525). Moreover, while it is unclear from the record the dates on which the defendant Gordon incurred damages for the plaintiff's breach of fiduciary duty, it is undisputed that all damages were incurred by July 1, 1998. Thus, July 1, 1998, is a "reasonable intermediate date" from which the interest on those damages shall accrue (*see* CPLR 5001 [b]; *Mandelberg v Mandelberg,* 275 AD2d 397).

The remaining contentions of the plaintiff and the defendant Gordon are without merit. Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.