In re Gail M. HITZEL, Debtor.

Gail M. Hitzel, Plaintiff,

v.

Michael O'Grady and Tamara O'Grady, Defendants.

Bankruptcy No. 04–13725 K.
Adversary No. 04–1139 K.

United States Bankruptcy Court,
W.D. New York.

July 20, 2004.

Wendy Christopher, Esq., Peter D. Grubea, Esq., Buffalo, NY, for Debtor/Plaintiff.

Daniel E. Brick, Esq., North Tonawanda, NY, for Defendants.

MICHAEL J. KAPLAN, Bankruptcy Judge.

On July 14, 2004, the Court ruled from the Bench in open court that a regularly-conducted non-collusive foreclosure sale conducted under the Real Property Actions and Proceedings Law of the State of New York cannot be a fraudulent transfer under any provision of the Debtor and Creditor Law of the State of New York, at least where the property is a home and the party attacking the sale is the Debtor. Because the purchasers at foreclosure here have had to evict the Debtor and have been stayed from doing so (pending this Court's decision) by the eviction court [1], I rendered my decision with a reservation of the prerogative to enter this Memorandum of Decision promptly thereafter.

Firstly, the Court adopts the Purchasers' Brief as its own Findings and Conclusions and denies the Debtor relief for the reasons set forth therein.

Secondly, the Court rules that it is commanded by *BFP vs RTC*, 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) to reject the Debtor's position because the BFP Court's discussion of the market forces at work is as applicable to the Uniform Fraudulent Conveyances Act as it is to 11 U.S.C. § 548.

Third, the Court rules that even if not bound, it is *persuaded* by the Opinion of

---

1. This Court had lifted the 11 U.S.C. § 362(a) stay and sent the Debtor to the eviction court to make her State Law arguments.

the Court in *BFP v. RTC* that the *result* in that case appertains even under 11 U.S.C. § 544 and the Uniform Fraudulent Conveyance Act.

Fourth, were the Court totally without guidance of any sort from any higher court, or from the courts of the state, it would rule that because the present case involves a perceived conflict between two state statutes—rather than an effort to reconcile a state statute with 11 U.S.C. § 548—the more specific statute (the RPAPL) prevails over the general (the Uniform Fraudulent Conveyances Act);[2] the latter enactment (the RPAPL was recodified in 1962) prevails over the earlier (Article 10 of the D & C Law was codified in 1924)[3]; and the Court has a duty to harmonize them if possible,[4] rather than jumping to a result that renders one or the other statute an absurdity.[5]

As the Defendants argue, the UFCA is a creditors' remedy, not a debtor's remedy. In this regard, it is very different from 11 U.S.C. § 548 and its predecessor (former 11 U.S.C. § 67d). By its very language, 11 U.S.C. § 548 deals with transfers made by a debtor "voluntarily or involuntarily." Debtor and Creditor Law § 270, on the other hand, defines "conveyance" only in terms of the transferor's own voluntary act except for "the creation of any lien or incumbrance." Section 273 deals only with conveyances made or obligations incurred "by a person who is or will be thereby rendered insolvent." (Suffering a transfer in satisfaction of an antecedent is not incurring an "obligation.") Sections 273–a, 274 and 275 also address volitional acts by the insolvent. Only § 276 addresses involuntary acts, and that statute requires that the actor have actual intent to defraud.

That is precisely why it is always said that a *collusive* foreclosure *can* be set aside. If the debtor and the lienholder have colluded, it is avoidable. Thus the 1st Department stated, in *Miller v. Doniger,* 293 A.D.2d 282, 742 N.Y.S.2d 191, that "a foreclosure by a disinterested third party is not [even] a 'conveyance,' for purposes of a fraudulent conveyance claim."

The Debtor here misses the point of the *Durrett* episode and the amendments to the Uniform Fraudulent Transfer Act. *Durrett v. Washington National Ins. Co.,* 621 F.2d 201 (5th Cir.1980) arose in Texas and involved a "deed-of-trust" foreclosure—a non-judicial foreclosure sale. The "deed-of-trust" states and "power-of-sale mortgage" states needed a statute to overrule *Durrett.* New York did not need the change because all of our ordinary mortgage foreclosures are *judicial* foreclosures. The RPAPL is the statutory remedy for obtaining a judicial sale to satisfy a mortgage debt. To suggest that the remedy created in 1962 must be construed to constitute a "fraudulent conveyance" under the 1925 adoption of UFCA ignores all rules of statutory construction.

Fifth, to the extent, if any, that the matter rests upon public policy, there can be no doubt that sound policy requires (1) finality of regularly conducted, non-collusive *judicial* sales under the New York RPAPL, and (2) that bankruptcy courts not sit in review of those sales.

This Court expresses no opinion as to foreclosures under other laws of New York (such as tax foreclosures), or foreclosures under the laws of other states (particularly as to non-judicial foreclosures, deed-of-trust or similar powers of sale, and condo-

---

**2.** 97 N.Y.Jur.2d Statutes § 184.

**3.** Id, § 177.

**4.** Id, § 183.

**5.** Id, § 188.

minium association foreclosures on residential units), or foreclosures raising issues like the opening words of the Dissent in *BFP v. RTC*—"a peppercorn ... for ... a California beachfront estate."

SO ORDERED.