■ Steven Huang et al., Respondents-Appellants, v Fabian A. Sy et al., Appellants-Respondents. [878 NYS2d 398]—

In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the defendants appeal from a judgment of the Supreme Court, Queens County (Weiss, J.), entered March 24, 2008, which, upon a decision of the same court dated February 28, 2008, made after a nonjury trial, is in favor of the plaintiffs and against them in the principal sum of $1,332,471, with interest thereon from September 1, 1990, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same judgment as failed to award them damages for lost opportunities for profit and punitive damages.

Ordered that the judgment is affirmed, without costs or disbursements.

Where a matter is tried without a jury, the authority of this Court on appeal "is as broad as that of the trial court . . . and . . . as to a bench trial [we] may render the judgment [we] find[ ] warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [citations omitted]; *see Praimnath v Torres*, 59 AD3d 419 [2009]). The trial court's verdict in favor of the plaintiffs on their causes of action to recover damages for fraud and breach of fiduciary duty was warranted by the facts adduced at trial, including evidence demonstrating that the defendant Fabian Sy made payments to himself, and to the defendants FAS Development Co., Inc., and 225 Associates, entities under his sole control, from funds belonging to the partnerships of which the plaintiffs were members, without authorization from the other partners and in contravention of the relevant partnership agreements. Accordingly, there is no basis to disturb the Supreme Court's determination in favor of the plaintiffs (*see Dubbs v Stribling & Assoc.*, 96 NY2d 337, 340 [2001]; *Birnbaum v Birnbaum*, 73 NY2d 461, 465 [1989]; *Levy v Leavitt*, 257 NY 461, 467 [1931]; *Apollo H.V.A.C. Corp. v Halpern Constr., Inc.*, 55 AD3d 855, 857 [2008]; *Miele v American Tobacco Co.*, 2 AD3d 799, 803 [2003]).

The Supreme Court properly awarded pre-verdict interest as a matter of right pursuant to CPLR 5001 (a) upon the principal sum awarded in connection with the plaintiffs' causes of action to recover damages for fraud and breach of fiduciary duty (*see* CPLR 5001 [a]; *Cohen v Gordon*, 297 AD2d 272, 274 [2002]; *Eighteen Holding Corp. v Drizin*, 268 AD2d 371, 372 [2000]; *see generally State Div. of Human Rights v New York State Dept. of*

*Correctional Servs.*, 90 AD2d 51, 59 n 3 [1982]; *New England Ins. Co. v Healthcare Underwriters Mut. Ins. Co.*, 352 F3d 599, 603 [2003]). Contrary to the defendants' contention, these causes of action sounded in law, rather than equity (*cf. Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 481 [2009]; *Moser v Devine Real Estate, Inc. [Florida]*, 42 AD3d 731, 737 [2007]; *Miller v Doniger*, 293 AD2d 282 [2002]; *R.C.P.S. Assoc. v Karam Devs.*, 213 AD2d 612, 614 [1995]).

The plaintiffs' contention that they are entitled to a new trial on the issue of damages because the Supreme Court precluded the testimony of an expert witness as to alleged lost opportunities for profit caused by the defendants' conduct, is not properly before this Court, as their arguments regarding compliance with the notice requirements of CPLR 3101 (d) are raised for the first time on appeal in the plaintiffs' reply brief (*see Sarva v Chakravorty*, 34 AD3d 438, 439 [2006]; *Sandoval v Juodzevich*, 293 AD2d 595 [2002]).

Contrary to the plaintiffs' contention, the Supreme Court did not improvidently exercise its discretion in declining to award punitive damages, as the plaintiffs failed to establish that the defendants' conduct " 'evince[d] a high degree of moral turpitude and demonstrate[d] such wanton dishonesty as to imply a criminal indifference to civil obligations' " (*Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 489 [2007], quoting *Walker v Sheldon*, 10 NY2d 401, 405 [1961]; *see Outside Connection, Inc. v DiGennaro*, 18 AD3d 634 [2005]).

The defendants' remaining contentions are without merit. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur. [*See* 18 Misc 3d 1141(A), 2008 NY Slip Op 50391(U).]