■ JULIEN ENTERTAINMENT.COM, INC., Doing Business as JULIEN'S AUCTIONS, Respondent, v LIVE AUCTIONEERS, LLC, Appellant, et al., Defendants. [42 NYS3d 822]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered August 3, 2015, which, insofar as appealed from, denied defendant Live Auctioneers, LLC's motion for summary judgment dismissing the claims for breach of contract, negligence, and gross negligence and on its counterclaim for contractual indemnification, and granted plaintiff's cross motion to dismiss the counterclaim for contractual indemnification, unanimously modified, on the law, to grant defendant's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Defendant established prima facie that its conduct was not grossly negligent and that it was therefore entitled to enforce the contractual limitations on liability contained in its "Terms & Conditions Acknowledgement [sic] Form" (*see Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821 [1993]). In opposition, plaintiff failed to submit evidence that supported its allegation that defendant knowingly and intentionally created confusion on its website. The evidence shows, at most, ordinary negligence on defendant's part (*see Lubell v Samson Moving & Stor.*, 307 AD2d 215 [1st Dept 2003]).

Defendant's counterclaim for contractual indemnification was correctly dismissed since the indemnification provision does not demonstrate unmistakably that the parties intended the loser in litigation between them to indemnify the winner for legal fees (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]; *Gotham Partners, L.P. v High Riv. Ltd. Partnership*, 76 AD2d 203 [1st Dept 2010], *lv denied* 17 NY3d 713 [2011]). Concur—Friedman, J.P., Sweeny, Saxe, Kapnick and Gesmer, JJ.