OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about October 25, 2016, affirmed, with $25 costs.
On appellate review of a nonjury trial,
“the findings of fact should be viewed in a light most favorable to sustain the judgment, due deference should be accorded Trial Term in matters of credibility, and the findings of fact should not be disturbed unless such determination could not have been reached under any fair interpretation of the evidence” (Matter of Metropolitan Transp. Auth., 86 AD3d 314, 320 [2011], quoting Richstone v Q-Med, Inc., 186 AD2d 354, 354 [1992]).
Applying that standard here, the trial court’s finding that respondent Maria Garcia qualifies as a “disabled person” within the meaning of Rent Stabilization Code succession provisions Csee 9 NYCRR 2523.5 [b] [1], [4]) should not be disturbed. The finding was supported by the “Report of Confidential Social Security Benefit Information”—which indicates that respondent has been diagnosed with asthma and personality disorders, receives Supplemental Security Income benefits, and has been disabled since July 1995—and the testimony of respondent and her expert witness (see generally Belnord Realty Assoc., L.P. v Joseph, 10 Misc 3d 43 [2005]; New York State Division of Hous *97 ing and Community Renewal Fact Sheet No. 20). The trial court, as factfinder, was warranted in crediting this evidence, particularly given that petitioner failed to adduce any evidence to the contrary (see 300 E. 34th St. Co. v Habeeb, 248 AD2d 50 [1997]). Thus, respondent’s succession claim is properly measured under the one-year co-occupancy requirement applicable to a disabled person.
Inasmuch as petitioner does not challenge the trial court’s fully supported findings that respondent is the granddaughter of the now-deceased stabilized tenant, and that respondent primarily resided in the apartment with the tenant for the applicable one-year period prior to tenant’s death, we do not disturb the determination that she is entitled to succession rights to the apartment.
Lowe, III, P.J., Shulman and Ling-Cohan, JJ., concur.