Slocum Realty Corp., etc. v Schlesinger (2018 NY Slip Op 04587)





Slocum Realty Corp., etc. v Schlesinger


2018 NY Slip Op 04587


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2015-03126
2015-06745
 (Index No. 14458/10)

[*1]Slocum Realty Corp., etc., et al., appellants, 
v
Richard Schlesinger, et al., respondents.


Kennedy Berg LLP, New York, NY (Gabriel Berg and Andrew A. Smith of counsel), for appellants.
Blank Rome LLP, New York, NY (Leslie D. Corwin, Rachel Sims, and Hannah Kahn of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and breach of contract, the plaintiffs appeal from (1) a judgment of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered December 18, 2014, and (2) an order of the same court dated March 17, 2015. The judgment, insofar as appealed from, upon an order of the same court dated September 18, 2014, inter alia, granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment, and upon a jury verdict in favor of the defendant Prince Realty Trust II, successor to the Schlesinger Family Trust, on the cause of action alleging breach of contract, in effect, dismissed (1) the cause of action alleging breach of fiduciary duty insofar as asserted against the defendants Richard Schlesinger, Jason Schlesinger, and Prince Realty Trust II, successor to the Schlesinger Family Trust, (2) the cause of action alleging aiding and abetting breach of fiduciary duty insofar as asserted against the defendants Richard Schlesinger and Jason Schlesinger, (3) the cause of action alleging unjust enrichment insofar as asserted against the defendants Adam Schlesinger, Ceebraid-Signal Corporation, Ceebraid-Signal Corporation of New York, Ceebraid-Signal Investment Company, L.P., Principal Management, as successor in interest to Ceebraid-Signal Management Group, Ltd., formerly known as Schlesinger Management Company, Ltd., Ceebraid-Signal Management Company, Ltd., and Robert Schwartz, and (4) the cause of action alleging breach of contract against the defendant Prince Realty Trust II, successor to the Schlesinger Family Trust. The order dated March 17, 2015, insofar as appealed from, denied that branch of the plaintiffs' motion which was pursuant to CPLR 4404(a) to set aside the verdict in favor of the defendant Prince Realty Trust II, successor to the Schlesinger Family Trust, on the cause of action alleging breach of contract.
ORDERED that the judgment is modified, on the law, by deleting the provisions thereof, in effect, dismissing (1) the cause of action alleging breach of fiduciary duty insofar as asserted against the defendants Richard Schlesinger and Prince Realty Trust II, successor to the Schlesinger Family Trust, (2) the cause of action alleging aiding and abetting breach of fiduciary duty insofar as asserted against the defendant Richard Schlesinger, (3) the cause of action alleging unjust enrichment insofar as asserted against the defendants Adam Schlesinger, Ceebraid-Signal [*2]Corporation, Ceebraid-Signal Corporation of New York, Ceebraid-Signal Investment Company, L.P., Principal Management, as successor in interest to Ceebraid-Signal Management Group, Ltd., formerly known as Schlesinger Management Company, Ltd., Ceebraid-Signal Management Company, Ltd., and Robert Schwartz, and (4) the cause of action alleging breach of contract against the defendant Prince Realty Trust II, successor to the Schlesinger Family Trust; as so modified, the judgment is affirmed insofar as appealed from, the amended complaint is reinstated insofar as asserted against the defendants Richard Schlesinger, Prince Realty Trust II, successor to the Schlesinger Family Trust, Adam Schlesinger, Ceebraid-Signal Corporation, Ceebraid-Signal Corporation of New York, Ceebraid-Signal Investment Company, L.P., Principal Management, as successor in interest to Ceebraid-Signal Management Group, Ltd., formerly known as Schlesinger Management Company, Ltd., Ceebraid-Signal Management Company, Ltd., and Robert Schwartz, that branch of the plaintiffs' motion which was, in effect, for summary judgment determining that the defendants wrongfully used the funds of Forest & Garden Apartments Company to pay the defendants' legal fees in this action is granted, those branches of the defendants' motion which were for summary judgment dismissing (1) the cause of action alleging breach of fiduciary duty insofar as asserted against the defendants Richard Schlesinger and Prince Realty Trust II, successor to the Schlesinger Family Trust, (2) the cause of action alleging aiding and abetting breach of fiduciary duty insofar as asserted against the defendant Richard Schlesinger, and (3) the cause of action alleging unjust enrichment insofar as asserted against the defendants Adam Schlesinger, Ceebraid-Signal Corporation, Ceebraid-Signal Corporation of New York, Ceebraid-Signal Investment Company, L.P., Principal Management, as successor in interest to Ceebraid-Signal Management Group, Ltd., formerly known as Schlesinger Management Company, Ltd., Ceebraid-Signal Management Company, Ltd., and Robert Schwartz, are denied, an order dated October 11, 2012, and the order dated September 18, 2014, are modified accordingly, so much of the order dated March 17, 2015, as denied that branch of the plaintiffs' motion which was pursuant to CPLR 4404(a) to set aside the verdict in favor of the defendant Prince Realty Trust II, successor to the Schlesinger Family Trust, on the cause of action alleging breach of contract is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial in accordance herewith, including a determination of the damages to be paid in an amount equal to the amount expended by the defendants from the funds of Forest & Garden Apartments Company to pay the legal fees of the defendants in this action; and it is further,
ORDERED that the appeal from the order dated March 17, 2015, is dismissed as academic in light of our determination of the appeal from the judgment; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The amended complaint filed by the plaintiffs in this action alleges, inter alia, the misappropriation of funds by the defendants from a limited partnership, Forest & Garden Apartments Company (hereinafter Forest & Garden). Forest & Garden was formed in 1967, pursuant to a written agreement, to own and manage an apartment complex. A restated partnership agreement was executed in 1989 (hereinafter the Forest & Garden Agreement). As of the date of the commencement of this action in 2010, there were three managing general partners of Forest & Garden: the defendant Prince Realty Trust II, successor to the Schlesinger Family Trust (hereinafter Prince Realty Trust), the plaintiff Chestnor Properties Corp., and nonparty Basic Consultants Corp.
Pursuant to the Forest & Garden Agreement, the defendant Richard Schlesinger was granted the authority to manage the day-to-day affairs of Forest & Garden. Richard Schlesinger was formerly a trustee of Prince Realty Trust. However, by the date of the relevant events here, Richard Schlesinger was no longer a trustee of Prince Realty Trust and owned less than a 3% share of Forest & Garden as a limited partner.
The parties' dispute arises from, inter alia, several disbursements of monies made at the direction of Richard Schlesinger from Forest & Garden to companies with which he is affiliated. The disbursements at issue totaled approximately $2.4 million.
The plaintiffs, a group that includes general partner Chestnor Properties Corp. and several limited partners in Forest & Garden, commenced this action in their individual capacities and [*3]on behalf of Forest & Garden, challenging, among other things, those disbursements. The defendants include, among others, Richard Schlesinger, Jason Schlesinger, Prince Realty Trust, and several entities with which Richard Schlesinger is affiliated. The plaintiffs asserted causes of action, inter alia, alleging breach of fiduciary duty, breach of contract, and unjust enrichment, and they seek damages as well as injunctive relief. They also challenged the defendants' use of funds from Forest & Garden to pay the defendants' legal fees in this action.
The plaintiffs moved, inter alia, in effect, for summary judgment determining that the defendants wrongfully used Forest & Garden funds to pay the defendants' legal fees in this action. The Supreme Court denied that branch of the plaintiffs' motion. Subsequently, the defendants moved for summary judgment dismissing the amended complaint. The court denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract against Prince Realty Trust, and otherwise granted the motion.
The action proceeded to a jury trial on the remaining cause of action alleging breach of contract against Prince Realty Trust. Prior to the trial, the Supreme Court granted that branch of Prince Realty Trust's motion in limine which was to preclude the plaintiffs from offering evidence of certain prior conduct by Richard Schlesinger, and denied the plaintiffs' motion in limine to preclude Prince Realty Trust from offering evidence regarding an alleged oral agreement between Richard Schlesinger and deceased general partners of Forest & Garden that authorized him to make the challenged disbursements to himself and his affiliates. The jury returned a verdict in favor of Prince Realty Trust on the breach of contract cause of action. A judgment was then entered, in effect, dismissing the amended complaint. The plaintiffs moved, inter alia, pursuant to CPLR 4404(a) to set aside the verdict. In an order dated March 17, 2015, the court denied that branch of the plaintiffs' motion. The plaintiffs appeal.
The Supreme Court erred in denying that branch of the plaintiffs' motion which was, in effect, for summary judgment determining that the defendants wrongfully used Forest & Garden funds to pay the defendants' legal fees in this action. It is undisputed that, through at least the date of the 2014 trial, the defendants paid their attorney's fees in this action with funds from Forest & Garden. The Forest & Garden Agreement contains no provision regarding payment of such attorney's fees. Under these circumstances, the plaintiffs established, prima facie, that they were entitled to judgment as a matter of law determining that the defendants wrongfully used Forest & Garden funds to pay the defendants' legal fees in this action (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492; Matter of Iskalo 5000 Main LLC v Town of Amherst Indus. Dev. Agency, 147 AD3d 1414, 1416; see also Julien Entertainment.Com, Inc. v Live Auctioneers, LLC, 145 AD3d 623; Episcopal Health Servs., Inc. v POM Recoveries, Inc., 138 AD3d 917, 919). In opposition, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The Supreme Court also erred in granting those branches of the defendants' motion which were for summary judgment dismissing the cause of action alleging breach of fiduciary duty insofar as asserted against Richard Schlesinger and Prince Realty Trust, and the cause of action alleging aiding and abetting breach of fiduciary duty insofar as asserted against Richard Schlesinger. The plaintiffs correctly contend that Prince Realty Trust, as a managing general partner of Forest & Garden, owed a fiduciary duty to Forest & Garden and to its partners (see Birnbaum v Birnbaum, 73 NY2d 461, 465; Smallberg v Raich Ende Malter & Co., LLP, 140 AD3d 942, 943-944; see also Appell v LAG Corp., 41 AD3d 277, 278). Richard Schlesinger, as the manager of Forest & Garden, as per the Forest & Garden Agreement, also owed a fiduciary duty to Forest & Garden and its partners. His position as a partnership manager is analogous to that of a corporate officer or director, who owes a fiduciary duty to the corporation and its shareholders (see Yu Han Young v Chiu, 49 AD3d 535, 536; see also Limited Liability Company Law § 409). The plaintiffs submitted evidence that Richard Schlesinger and Prince Realty Trust improperly authorized transfers in excess of $2 million to their affiliates. In addition, the plaintiffs submitted evidence that Richard Schlesinger aided and abetted a breach of fiduciary duty owed to Forest & Garden by Prince Realty Trust (see Huang v Sy, 62 AD3d 660, 661; see also Aranki v Goldman & Assoc., LLP, 34 AD3d 510, 512). Contrary to the defendants' contention, the breach of fiduciary duty cause of action is not duplicative of the breach of contract cause of action, as it seeks relief separate and distinct from damages [*4]recoverable under a breach of contract cause of action (see Katz v Beil, 142 AD3d 957, 962; Worldcare Intl., Inc. v Kay, 119 AD3d 554, 556; see generally Huang v Sy, 62 AD3d at 661; Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1,7). Thus, the court should not have granted summary judgment dismissing the breach of fiduciary duty cause of action insofar as asserted against Richard Schlesinger and Prince Realty Trust, and the aiding and abetting breach of fiduciary duty cause of action insofar as asserted against Richard Schlesinger, and the plaintiffs are entitled to a new trial on these causes of action.
The defendants established, prima facie, that Jason Schlesinger did not owe a fiduciary duty to Forest & Garden, and that he did not aid or abet a breach of fiduciary duty by Richard Schlesinger or Prince Realty Trust (see Benedict v Whitman Breed Abbott & Morgan, 110 AD3d 935, 937; AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 23; see generally Birnbaum v Birnbaum, 73 NY2d at 465). As the plaintiffs failed to raise a triable issue of fact in opposition, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the breach of fiduciary duty and aiding and abetting breach of fiduciary duty causes of action insofar as asserted against Jason Schlesinger (see Alvarez v Prospect Hosp., 68 NY2d at 324).
However, under the facts of this case, the cause of action alleging unjust enrichment is not duplicative of the breach of contract cause of action insofar as asserted against the defendants who were not parties to the Forest & Garden Agreement (see generally 3105 Grand Corp. v City of New York, 288 NY 178; Canzona v Atanasio, 118 AD3d 841, 843). Richard Schlesinger, Jason Schlesinger, Joan Schlesinger Robey, and Prince Realty Trust are the only named defendants who were parties to the Forest & Garden Agreement. Accordingly, the Supreme Court should not have granted summary judgment dismissing the unjust enrichment cause of action insofar as asserted against the remaining defendants, and the plaintiffs are entitled to a new trial on this cause of action.
The Supreme Court did not improvidently exercise its discretion in precluding the plaintiffs from offering evidence of certain prior conduct by Richard Schlesinger (see Feldsberg v Nitschke, 49 NY2d 636, 643; Gurgenidze v Vitale, 44 AD3d 900, 901). However, the court should have precluded Prince Realty Trust from offering evidence regarding an alleged oral agreement between Richard Schlesinger and now-deceased general partners of Forest & Garden that authorized him to make the challenged disbursements to himself and his affiliates (see CPLR 4519; Five Corners Car Wash, Inc. v Minrod Realty Corp., 134 AD3d 671, 672-673; Sepulveda v Aviles, 308 AD2d 1, 10-11). As the testimony regarding the alleged oral agreement was central to the defense at trial, it cannot be considered harmless, and the plaintiffs are entitled to a new trial on the breach of contract cause of action against Prince Realty Trust (see CPLR 2002; Stathis v Estate of Karas, 130 AD3d 1008, 1011; Sepulveda v Aviles, 308 AD2d at 11).
In light of our determination, we need not reach the plaintiffs' contentions regarding their motion pursuant to CPLR 2221(e) to reinstate the cause of action alleging breach of fiduciary duty based on trial evidence and their posttrial motion to set aside the verdict. The defendants' remaining contention is not properly before this Court.
BALKIN, J.P., CHAMBERS, MALTESE and DUFFY, JJ., concur.

2015-03126 DECISION & ORDER ON MOTION
2015-06745
Slocum Realty Corp., etc., et al., appellants, v Richard
Schlesinger, et al., respondents.
(Index No. 14458/10)

Motion by the respondents, inter alia, to strike stated portions of the appellants' brief on the ground that they refer to matter dehors the record, on appeals from a judgment of the Supreme Court, Nassau County, entered December 18, 2014, and an order of the same court dated March 17, 2015. By decision and order on motion of this Court dated January 11, 2016, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellants' brief on the ground that they refer to matter dehors the record is granted to the extent that the following portions of the appellants' brief are stricken and have not been considered in the determination of the appeals: (1) the first paragraph of page 1, the sentence beginning with the word "Schlesinger" through the end of that paragraph; (2) line 9 on page 2, beginning with the words "an improper practice" and continuing through line 11 on that page, ending with the words "against him"; (3) footnote 1, on page 4; (4) footnote 4, on page 11; (5) line 7 on page 23, beginning with the word "asked" and continuing through the word "refused" on line 9 on that page; and (6) line 15 on page 33, beginning with the word "Respondents" and continuing with the word "loan" on line 17 on that page; and the motion is otherwise denied.
BALKIN, J.P., CHAMBERS, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court