Shyer v Zyloware Corp. (2024 NY Slip Op 01885)

Shyer v Zyloware Corp.

2024 NY Slip Op 01885

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Renwick, P.J., Manzanet-Daniels, Kennedy, Mendez, Michael, JJ. 

Index No. 651109/18 Appeal No. 1971-1972-1973 Case No. 2023-04221, 2023-04222, 2023-05172 

[*1]Catherine Shyer etc., Plaintiff/Counterclaim Defendant-Respondent,
v
Zyloware Corporation, Defendant/Counterclaim Plaintiff-Appellant.

Mintz & Gold, LLP, New York (James W. Kennedy of counsel), for appellant.
Pillsbury Winthrop Shaw Pittman LLP, New York (Jay D. Dealy of counsel), for respondent.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered September 28, 2023, in favor of plaintiff Catherine Shyer, as the preliminary executrix of the estate of Robert Shyer (plaintiff or Catherine), and bringing up for review, a post-trial order and a supplemental order, same court and Justice, both entered on or about July 25, 2023, which, to the extent appealed from as limited by the briefs, (1) found that defendant had improperly withheld Robert Shyer's base salary and insurance bonuses in breach of the relevant contracts, (2) dismissed defendant's defenses of waiver and equitable estoppel, (3) dismissed defendant's counterclaims of specific performance and declaratory judgment, and (4) determined that prejudgment interest would run on a portion of plaintiff's recovery from May 15, 2019, unanimously affirmed, without costs. Appeals from aforementioned orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
To the extent defendant contends that its appeal from the judgment brings up for review Supreme Court's order from January 2020, which denied its motion for summary judgment and found that defendant had breached the unambiguous terms of the relevant contracts (summary judgment order), and the court's denial of defendant's post-trial motion for leave to amend its answer to add a defense of contract reformation, we find defendant's arguments on these issues are without merit. Supreme Court correctly found that defendant breached the agreements, including the salary offset provision, when it paid for the option shares in the form of an annual salary offset over the course of 12 months following the exercise of an annual option notice. The relevant contractual language was subject to only one fair interpretation: that it unambiguously required defendant to pay for the option shares during the calendar quarter after the option had been exercised, and only in that quarter could defendant offset Robert Shyer's salary earned during that quarter. Defendant's reliance on extrinsic evidence of pre-contractual discussions of intent — even to the extent it was credited by the court — cannot overcome the unambiguous contractual language (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]).
Further, while defendant sought, after trial, to assert the defense of contractual reformation based on mutual mistake, the trial court providently found that this was "too little, too late" and that it would be unduly prejudicial to permit the amendment following trial (see Kassis v Teachers Ins. & Annuity Assn., 258 AD2d 271, 272 [1st Dept 1999]). Defendant was on notice of the court's interpretation of the salary offset provision when the trial court issued its summary judgment order in 2020, and yet did not assert a defense for contract reformation for several years.
The court's findings in the post-trial order that Robert Shyer did not waive his contractual rights was plainly supported by a fair interpretation [*2]of the evidence (see Richstone v Q-Med, Inc., 186 AD2d 354, 354 [1st Dept 1992]). The trial court properly found that defendant failed to meet its burden of proving that plaintiff and Robert had "knowingly, voluntarily and intentionally abandoned" Robert's rights to receive his full salary and insurance bonuses during the months that defendant did not exercise its right to purchase option shares (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]).
The evidence presented at trial — including that of defendant's own witnesses — established that Robert had been suffering from Alzheimer's disease and lacked the cognitive capacity to fully understand his contractual rights during the relevant time. The evidence also supported the court's findings that Catherine did not fully understand how Robert's salary was being paid; received false and incomplete information from defendant; questioned defendant, retained counsel, and reserved her rights; and timely brought this action. Further, the operative agreements required that the parties execute a signed writing to waive any contractual provision, and no such writing exists here (see e.g. Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 446 [1984]).
The court also properly dismissed defendant's estoppel defense, as defendant presented no evidence that it had been misled by plaintiff or Robert Shyer, or that they had concealed information from defendant (see Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]).
The trial court providently determined that plaintiff was entitled to prejudgment interest at the statutory rate, computed from May 15, 2019, on a portion of its recovery on the estate shares claim (see R.C. Dolner, Inc. v My-Way Contr. Corp., 60 AD3d 545 [1st Dept 2009]; see also Brady v Zambrana, 221 AD2d 171, 172 [1st Dept 1995]). Defendant concedes that it did not tender the full amount due under the promissory note on May 15, 2019, because it calculated the interest that was due based on the discounted price of the estate shares. Under the shareholders' agreement's acceleration provision, defendant's failure to "pay any portion of the principal amount thereof or interest thereon within 10 days of written notice that the payment is past due" accelerated the promissory note. Thus, the trial court correctly fixed May 15, 2019 as the date from which it would compute prejudgment interest on the amounts that defendant did not tender to Catherine.
The trial court properly denied defendant's counterclaims for declaratory judgment and specific performance. Plaintiff has agreed to turn over the shares, and in fact has done so. Thus, there no longer remains a justiciable controversy on this issue.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024