317 W. 89th St. LLC v Bell (2025 NY Slip Op 51468(U))

[*1]

317 W. 89th St. LLC v Bell

2025 NY Slip Op 51468(U)

Decided on September 18, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 18, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570780/25

317 West 89th Street LLC, Petitioner-Cross-Appellant,
against
Virginia Bell, Respondent-Appellant, and "John Doe" and "Jane Doe," Respondents.

Respondent Virginia Bell appeals from so much of an order of the Civil Court of the City of New York, New York County (Alberto M. Gonzalez, J.), dated October 8, 2024, which struck her second and fourth affirmative defenses in a holdover summary proceeding. Petitioner cross-appeals from so much of the aforesaid order which denied its motion to strike respondent's jury demand.

Per Curium.
Order (Alberto M. Gonzalez, J.), dated October 8, 2024, insofar as appealed from, affirmed, with $10 costs.
Civil Court properly denied petitioner's motion to strike the jury demand. Respondent Bell's counterclaims for harassment (see Administrative Code of City of New York § 27-2004 [48]), and discrimination pursuant to, among other things, the Fair Housing Act and the State and City human rights laws, are essentially legal, not equitable, in nature and respondent seeks money damages only (see Blackman v Metropolitan Tr. Auth., 225 AD3d 736 [2024]; Miller v Epstein, 293 AD2d 282 [2002]; Schlick v American Bus. Press, 246 AD2d 450 [1998]; Parker Chapin Flattau & Klimpl, LLP v Bamira, 8 Misc 3d 135[A], 2005 NY Slip Op 51209[U] [App Term, 1st Dept 2005]]).
Respondent's appeal from so much of the order as dismissed her second and fourth affirmative defenses is deemed abandoned. Respondent failed to raise any arguments on appeal with respect to that portion of the order (see Gordon v Martel, 238 AD3d 538, 539 [2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 18, 2025