GENERAL PRECISION, INC., Appellant-Respondent, *v.* BURNHAM VAN SERVICE, INC., Respondent-Appellant.

First Department, December 21, 1965.

*Louis B. Bruman* for appellant-respondent.

*John L. Conners* of counsel (*Bigham, Englar, Jones & Houston,* attorneys), for respondent-appellant.

*Per Curiam.* This is an action brought by plaintiff shipper against defendant interstate carrier to recover the sum of $88,004, the amount of damage alleged to have been sustained to plaintiff's goods in the course of transportation.

Both parties moved for summary judgment in plaintiff's favor. The point of departure was with respect to the amount of such judgment. Plaintiff seeks the full amount of the damage sustained while defendant contends that judgment may only be entered in the amount of $3,168, the figure arrived at by applying the valuation limitation (30 cents per pound) set forth in the bill of lading. The court refused to grant summary judgment to the defendant, holding the bill of lading to be inadequate in that it did not put the shipper on notice of the alternative rates available, and in that it did not constitute the requisite agreement in writing as to the released value of the property. The court held that the plaintiff may not have summary judgment if it had actual notice of the claimed limitation, and whether or not it had such notice presented a triable issue of fact.

Pursuant to permission granted by the Interstate Commerce Commission the defendant filed a tariff schedule providing for alternative rates — such filing being necessary if liability were to be limited. Such schedule provided for the form of the bill of lading to be issued in connection with the shipments.

As indicated, Special Term held that liability could not be limited because the bill of lading was not in conformance with the uniform bill of lading as set forth in the tariff schedule. We fail to see any material difference between the two. We conclude that the bill of lading in this case is sufficient to comply with the tariff requirements so as to permit the imposition of a limitation on liability. Merely because the words " 30 cents " were printed rather than written does not invalidate it. The difference is of no significance. (Cf. *American Ry. Express Co.* v. *Lindenburg,* 260 U. S. 584; *Great Northern Ry.* v. *O'Connor,* 232 U. S. 508; *Hart* v. *Pennsylvania R. R. Co.,* 112 U. S. 331.) It could be of significance only if it affected the right of the shipper to elect a choice of valuation. That such choice was still available is clearly evidenced by the further provision in the valuation section of the bill permitting of an excess valuation declaration. Since there was such a choice the statutory and administrative prerequisites to a limitation of liability have been satisfied. In addition, it is to be noted the bill of lading expressly stated that the goods were received " subject to * * * the tariffs * * * in effect ". An examination of the tariff would have revealed the availability of the choice of valuation.

Nor does the lack of a signature immediately under the limitation clause render the limitation ineffectual. That position finds clear support in the language of the United States Supreme Court in *American Express Ry. Co.* v. *Lindenburg* (*supra,* pp. 590–591): "Neither the statute nor the order of the Commission requires the signature of the shipper. The pertinent words of the statute are: '. . . rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value . . . .' It is not to be supposed that the Commission would attempt to add anything to the substantive requirements of the statute, and its order does not purport to do so; but the form of receipt which the express companies were authorized to adopt contains a recital to the effect that as evidence of the shipper's agreements to the printed conditions he 'accepts and signs this receipt,' and a blank space is provided for his signature. Naturally, such signature would be desirable as constituting the most satisfactory evidence of the shipper's agreement, but it is not made a prerequisite without which no agreement will result".

While we need not rely upon a signature of plaintiff to find the existence of an agreement in writing we note that such a signature was present at the bottom of the bill of lading and it may well be that were we required to make such a finding we would find the "overall" signature adequate for such purpose.

Nor do we have any difficulty in finding that an agreement in writing as to valuation existed between the parties. "The [plaintiff], by receiving and acting upon the receipt * * * assented to its terms and the same thereby became the written agreement of the parties." (*American Ry. Express Co.* v. *Lindenburg, supra,* p. 591.) There is no question but that in this case the bill of lading was received and acted upon by the plaintiff. Having done so it agreed to the terms thereof, thereby giving rise to the requisite agreement in writing as to valuation.

Thus we find that all of the prerequisites to a valid limitation of liability were complied with so that liability was effectively limited. In such circumstance, summary judgment should have been granted as requested by the defendant.

In passing, it is significant to note that the plaintiff made four similar shipments prior to the one in issue. In each, the same bill of lading form was used and in each it was executed in the manner as the one here in question without a declaration of excess valuation. In each case the lower shipping rate was paid without protest and no objection was made to the form of the bill or any other aspect of the transaction. While there is no necessity for our reaching the question as to whether the

274

plaintiff had actual knowledge of the limitation of liability it would not have been very difficult to find, on the papers submitted, that it did have such knowledge.

Accordingly, the order appealed from should be modified, on the law, to the extent of granting defendant's motion for summary judgment, and as so modified should be otherwise affirmed, with costs and disbursements to the defendant.

BREITEL, J. P., RABIN, STEVENS and EAGER, JJ., concur.

Order, entered on June 7, 1965, unanimously modified, on the law, to the extent of granting defendant's cross motion for summary judgment, with $10 costs, and, as so modified, affirmed, with $30 costs and disbursements to defendant.