■ CATALINA MEYER, Respondent, v CERTIFIED MOVING & STORAGE CO., INC., Appellant.—Order, Appellate Term, First Department, entered November 30, 1988, which affirmed a judgment of the Civil Court, New York County (Marshall C. Berger, J.), entered January 29, 1987, which, upon a jury verdict in favor of plaintiff in the amount of $152,000, reduced the amount of damages awarded plaintiff to the sum of $57,000 with interest, and otherwise denied defendant's motion to set aside the verdict, unanimously reversed, on the law and the facts, and the matter remitted for a new trial, without costs.

In 1975, plaintiff, an art dealer, was engaged in the importation of woven mats incorporating the designs of the celebrated artist Alexander Calder, from Central America. On October 9, 1975, plaintiff entered into a contract with defendant to store

three cartons of these art works on the fourth floor of defendant's warehouse located at 438 West 51st Street, Manhattan. Additional works of art, including Zuniga lithographs, were thereafter added to the storage lot. During the early part of February 1980, a water pipe burst on defendant's premises and damaged plaintiff's goods.

Plaintiff then brought this action to recover damages for the loss of her property. Defendant claimed that its liability was limited to 30 cents per pound per article to a maximum of $2,000 pursuant to the parties' contract. The Civil Court held that the construction of the liability-limiting provisions of the contract was a question of law and that defendant, if found negligent, could be held liable for up to $75,000 pursuant to the parties' contract. The jury concluded that defendant was negligent and determined that damage to the Calder mats amounted to $77,000 and that damage to the Zuniga lithographs amounted to $75,000. The court reduced the amount of damages awarded to $55,000 for the Calder mats and to $2,000 for the Zuniga lithographs. After Appellate Term affirmed the judgment of the Civil Court and denied leave to appeal, this court granted leave to defendant Certified, restricted to the issue of whether the limitation of liability provision of the storage contract presented an issue of fact for the jury. We hold that it did and accordingly, reverse the order of Appellate Term and remit the matter for a new trial.

Paragraph 6 of the storage contract, which was drafted by defendant, provided that "[u]nless a greater valuation is stated herein, the depositor or owner declares that the value in case of loss or damage * * * and the liability of the company for any cause for which it may be liable for each or any piece or package and the contents thereof does not exceed and is limited to THIRTY (30¢) CENTS per pound per article, or for the entire contents of the entire storage lot does not exceed and is limited to TWO THOUSAND ($2,000.00) DOLLARS, upon which declared or agreed value the rates are based, the depositor or owner having been given the opportunity to declare a higher valuation without limitation in case of loss or damage from any cause which would make the company liable and to pay the higher rate based thereon, and in no event, however, shall the company be liable except for its own negligence *[sic]*."

The declarations portion of the contract was introduced with the statement that the goods are to be stored "at the following rates subject to the conditions hereinafter set forth based on the value declared by the depositor." Under the itemization of bailed goods, types of containers were listed and

spaces were provided for dollar amount per container. Three large cartons were listed at $25,000 each. However, the $25,000 figure listed was crossed out and the space provided for a total was left blank. Next to the space provided on the form for storage per month appeared the sum $50. Under "Special Remarks" was typed "The three cartons contain works of art. Each carton is valued at $25,000. It is insured with Sobel Affiliates."

Plaintiff testified that she informed defendant that each of the cartons had a value of $25,000 and contends that this declaration of value was stated in the "Special Remarks" portion of the contract. She claims that the number was crossed out on the space provided for dollar amount per container because it had been inserted in the wrong section of the form. Although plaintiff acknowledged that she had separately insured the merchandise through Sobel Affiliates, she testified that the insurance only covered the goods while in transit.

Defendant claims that the court improperly precluded it from arguing to the jury that it was a fair inference that plaintiff had made separate arrangements through Sobel Affiliates to protect against the risk of loss to the merchandise while it was in the warehouse and that the $25,000 figure was crossed out because plaintiff had no need for additional protection against risk of loss through defendant. Defendant also points out that plaintiff never produced the insurance policy with Sobel Affiliates. The space on the contract next to "Warehouse Ins.—70¢ per $100 per month" was left blank and, in fact, plaintiff was charged a lower rate than if she had declared a value. Plaintiff, on the other hand, claims that the insurance policy has no bearing on the declaration of value issue and cites to paragraph 7 of the contract which provides: "Goods are not insured nor do storage rates include insurance. The liability of this Company is based on this contract and any insurance must be arranged for by the depositor through his own agent or broker."

While it is true that the construction of a contract is a question of law for the court and that any ambiguity in construing the contract, especially where the contract consists of a preprinted form, should be resolved against the party which prepared it *(Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342), where, as here, ambiguous entries raise a question as to the sense in which they were intended, a mixed question of law and fact is presented *(Kenyon v Knights Templar & Masonic Mut. Aid Assn.,* 122 NY 247; *Hartford*

*Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169). Under these circumstances, a trial is necessary so that extrinsic evidence may be introduced to ascertain the true meaning of the contract *(Hartford Acc. & Indem. Co. v Wesolowski, supra; Steckler v Steckler,* 78 AD2d 818).

In addition to the absence of an indication on the contract that plaintiff was to pay a higher rate for the storage of the art work, ambiguities in the contract exist as to the crossed-out handwritten figure of $25,000 on the line provided for declared value, the $50 figure typed on the line provided for storage per month, and the reference to insurance obtained from Sobel Affiliates. Although a warehouse may limit its liability for damage to stored goods even if the damage is the result of the warehouse's negligence provided that the bailor is given the opportunity to increase the potential liability by payment of a higher storage fee (UCC 7-204 [2]; *I.C.C. Metals v Municipal Warehouse Co.,* 50 NY2d 657, 663), the ambiguities created by the entries the parties made on the contract gave rise to a triable issue of fact as to their intention with regard to the extent of the defendant's liability and the question should have been left to the jury to resolve. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Rubin, JJ.