■ DORIS LUBELL, Respondent, v SAMSON MOVING & STORAGE, INC., Appellant. [737 NYS2d 24] —Order, Supreme Court, New York County (Walter Tolub, J.), entered April 17, 2001, which denied defendant's motion for summary judgment, unanimously reversed, on the law, with costs, to the extent that plaintiff's damages are limited as set forth in the limited liability provision of the parties' storage contract.

It is settled that a warehouse, like a common carrier, "may limit its liability for loss of or damage to stored goods even if the injury or loss is the result of the warehouse's negligence, so long as it provides the bailor with an opportunity to increase that potential liability by payment of a higher storage fee" (*I.C.C. Metals v Municipal Warehouse Co.*, 50 NY2d 657, 663; UCC 7-204 [2]).

In this matter, although the storage contract's limitation provision itself is not signed, the storage contract is executed at the bottom and the valuation section of the contested provision contains handwritten insertions of "$0.30 per pound," under the subheading "Article/Value," as well as the handwritten entry "O" entered alongside the printed language "Rate for Excess Valuation * * * Per $100 per Month." Plaintiff's representative, who executed the contract, does not deny that the handwritten entries are his, and the contract requires that the value declaration be in the shipper's own writing. Finally, that part of the storage contract indicating an optional "Charge for Increased Valuation" was left blank by plaintiff.

Since it is clear that plaintiff agreed to the terms of the contract by executing the document, and since it is also clear that the contract "provide[d] the bailor with an opportunity to increase [the defendant's] potential liability by payment of a higher storage fee" (*I.C.C. Metals* at 663), we find that the lack of a signature immediately after the limitations clause does not render the limitation ineffectual (*see, General Precision v Burnham Van Serv.*, 24 AD2d 271 [*affd* 19 NY2d 717], citing *American Ry. Express Co. v Lindenburg*, 260 US 584). Concur—Nardelli, J.P., Tom, Sullivan and Friedman, JJ.