■ DORIS LUBELL, Respondent, v SAMSON MOVING & STORAGE, INC., Appellant. [763 NYS2d 30] —Order, Supreme Court, New York County (Walter Tolub, J.), entered January 28, 2003, which, to the extent appealed from as limited by the briefs, denied the motion of defendant-appellant for summary judgment dismissing plaintiff-respondent's causes of action for gross negligence, unanimously reversed, on the law, with costs, defendant's motion granted and plaintiff's causes of action alleging gross negligence dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

In November 1990, defendant's moving and storage company moved plaintiff's belongings, including her extensive art collection, from her Westchester County home to her Manhattan apartment. Certain items, including her dining room table and numerous works of art, were stored at defendant's warehouse facilities in the Bronx, for a fee of $135.31 per month. In the 7½ years from November 1990 through May 1998, plaintiff paid a total storage fee of $12,179.

On or about May 20, 1998, plaintiff went to defendant's warehouse to remove some items from storage, and discovered that certain items, such as her dining room table, were missing, while others were damaged or destroyed as a result of sitting in pools of water on the floor.

Plaintiff commenced this action, asserting causes of action for bailment under Uniform Commercial Code § 7-204, breach of contract, negligence, and gross negligence. Defendant answered and moved for summary judgment contending, inter alia, that plaintiff had not set forth in any manner how it was

negligent and, alternately, that plaintiff's damages, if any, were limited by contract to 30 cents per pound per article, subject to a $1,000 deductible. That motion was denied, but, on appeal, this Court reversed to the extent of limiting plaintiff's damages pursuant to the terms of the contract (290 AD2d 343 [2002]).

Defendant again moved for summary judgment, asserting that "[t]he only issue remaining in this case is the amount of damages, if any, that the plaintiff is entitled to recover." Defendant further asserted that, given "the total weight of plaintiff's allegedly damaged goods was 205 lbs * * * plaintiff would not be entitled to recover any damages as against Samson because plaintiff's damages are only $61.50, well below the $1,000.00 deductible found in the storage contract."

Plaintiff opposed defendant's motion on the ground that "an otherwise valid limitation of liability provision may not be enforced to limit damages caused by gross negligence, which plaintiff has alleged here. As a result, there is still a factual issue in this case, and defendant's motion must be denied."

Plaintiff's affirmation in support of her motion contained her personal observations that defendant's facility was "grossly disorganized and deplorably maintained" where "[s]ome of [her] belongings were sitting in pools of water on the floor of the warehouse" and were "ripped and torn, making them worthless," while "a number of [her] oil and watercolor paintings sustained water damage." She further affirmed that "several items which had been stored in the warehouse could not be located and were not returned to me, including a large dining room table, a mahogany artist's rack, and numerous oak-stained shelves with brackets."

As pertinent to this appeal, the motion court granted defendant summary judgment dismissing plaintiff's causes of action for negligence, breach of contract and violations of UCC 7-204, but denied summary judgment on plaintiff's claim of gross negligence.

Ordinarily the question of gross negligence is a matter to be determined by the trier of fact (*Food Pageant v Consolidated Edison Co.,* 54 NY2d 167, 172-173 [1981]). Moreover, as found by the motion court, public policy forbids defendant's attempt to escape liability, through a contract clause, for damages occasioned by "grossly negligent conduct." Nevertheless, when used in this context, " 'gross negligence' differs in kind, not only degree, from claims of ordinary negligence. It is conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing" (*Colnaghi, U.S.A. v Jewelers Protection Servs.,* 81 NY2d 821, 823-824 [1993]).

Accordingly, where plaintiff's allegations amount, at most, to ordinary negligence, they do not meet the foregoing standard, and defendant is entitled to summary judgment dismissing plaintiff's claims for gross negligence. Here, there is no indication that defendant's negligence, if any, "differ[ed] in kind" from acts of ordinary negligence in storing plaintiff's property. Defendant's careless conduct neither "evinces a reckless disregard for the rights of others," nor " 'smacks' of intentional wrongdoing" (*Colnaghi, supra* at 823-824). Concur—Buckley, P.J., Andrias, Sullivan, Lerner and Friedman, JJ.