■ BRUCE FELDMAN et al., Appellants, v MAFFUCCI STORAGE CORP. et al., Respondents. [822 NYS2d 55]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered December 27, 2004, which granted the motion of defendant Bekins Van Lines Co. for summary judgment dismissing the complaint as against it, and granted the motion of defendant Maffucci Storage Corp. for partial summary judgment, limiting its liability to $20,000, unanimously affirmed, without costs.

Plaintiffs contracted with defendant Maffucci Storage to transport certain household property to a Maffucci warehouse. Several months later, the property was destroyed in a fire at the warehouse. A warehouse may limit its liability for damage to stored goods, even if the damage is attributable to warehouse negligence, so long as the bailor is afforded an opportunity to raise the cap on the bailee's liability by paying a higher storage fee (UCC 7-204 [2]; *I.C.C. Metals v Municipal Warehouse Co.*, 50 NY2d 657, 663 [1980]; *Lubell v Samson Moving & Stor.*, 290 AD2d 343 [2002]; *Meyer v Certified Moving & Stor. Co.*, 162 AD2d 109, 112 [1990]). Here, the bill of lading signed by plaintiff Bruce Feldman and the subsequently issued invoice established

that plaintiffs elected to purchase insurance in the amount of $20,000 to cover the bailed goods during both their transport and storage by Maffucci. The corresponding limitation imposed upon Maffucci's liability was, accordingly, proper.

Also proper was the dismissal of the complaint against defendant Bekins Van Lines. Bekins made a prima facie showing that Maffucci did not act as its agent in its dealings with plaintiffs, and plaintiffs did not in response adduce evidence to the contrary sufficient to raise a triable issue (*cf. Paget v Budget Rent A Car Corp.*, 160 AD2d 533 [1990]; *Fogel v Hertz Intl.*, 141 AD2d 375 [1988]). Concur—Saxe, J.P., Friedman, Williams, Catterson and Malone, JJ.