■ TILLAGE COMMODITIES FUND, L.P., Respondent, v SS&C TECHNOLOGIES, INC., Appellant. [58 NYS3d 28]—

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered December 30, 2016, which, insofar as appealed from, denied defendant's motion to dismiss the breach of contract and breach of the implied covenant of good faith and fair dealing claims, unanimously modified, on the law, to grant the motion as to the breach of contract claim insofar as it is based on defendant's alleged failure to disclose its communications with the defrauding third party, and to grant the motion as to the breach of the implied covenant claim insofar as it is based on defendant's conduct prior to discovery of the fraud, and otherwise affirmed, without costs.

Plaintiff investment fund seeks damages from defendant, its fund administrator, in connection with defendant's processing of a series of wire transfer requests that were later discovered

to be fraudulent. Plaintiff claims that defendant breached the governing service agreement by disbursing funds without plaintiff's approval and by later refusing to turn over its communications with the defrauding third party. Plaintiff also claims that defendant breached the implied covenant of good faith and fair dealing by failing to take reasonable precautions to prevent the fraud and by frustrating plaintiff's recovery efforts.

The motion court correctly sustained the breach of contract claim insofar as it is based on defendant's disbursement of funds without plaintiff's instruction or approval. Under the terms of the service agreement, defendant can only be held liable to the extent it was at least grossly negligent. In the context of a contractual limitation of liability, "gross negligence" consists of "conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing" (*Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823-824 [1993]; accord *Lubell v Samson Moving & Stor.*, 307 AD2d 215, 216 [1st Dept 2003]). Although the alleged unauthorized transfer of funds does not appear to have been intentional, plaintiff has sufficiently alleged that defendant's conduct "evince[d] a reckless disregard" for plaintiff's rights insofar as it failed to comply with basic cybersecurity precautions and actively disregarded its own policies as well as obvious red flags (*id.*). This is especially true in light of defendant's awareness that the transfers, which were for substantial amounts of money, would result in near depletion of plaintiff's account (*see Internationale Nederlanden [U.S.] Capital Corp. v Bankers Trust Co.*, 261 AD2d 117, 122 [1st Dept 1999]).

The breach of contract claim must fail, however, to the extent it is based on defendant's refusal to turn over all of its communications with the fraudster. Even if plaintiff may be entitled to these communications, under the terms of the service agreement permitting access to "books, records and statements as may be reasonably necessary to document the transactions recorded" by defendant, plaintiff cannot demonstrate that it suffered any damages from defendant's failure to turn them over after the fraud had occurred.

The breach of the implied covenant of good faith and fair dealing claim must be dismissed as duplicative of the breach of contract claim, insofar as it is premised on defendant's conduct prior to discovery of the fraud, because the claims are "based on the same allegations and seek the same damages" (*Ullmann-Schneider v Lacher & Lovell-Taylor, P.C.*, 121 AD3d 415, 416 [1st Dept 2014]).

The breach of the implied covenant claim should be sustained, however, as to defendant's post-discovery conduct. That conduct, which includes allegedly failing to immediately notify plaintiff of the fraud and filing a misleading report with Hong Kong police, is separate from the misconduct alleged in plaintiff's breach of contract claim. Defendant's attempt to dispute the veracity of these allegations is improper at the motion to dismiss stage (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002]). Moreover, plaintiff has alleged damages resulting from this frustration of its recovery efforts, including a dramatically reduced likelihood of recovering funds from the latest transfer. Concur—Tom, J.P., Sweeny, Richter, Kapnick and Webber, JJ.