| |
|---|
| **Candid Litho Print. Ltd. v New York City Indus. Dev. Agency** |
| 2024 NY Slip Op 33517(U) |
| September 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653948/2020 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

-----------------------------------------------------------------------------------X

| | |
|---|---|
| CANDID LITHO PRINTING LTD., 25-11 HUNTERS POINT LLC | **INDEX NO.** 653948/2020 |
| Plaintiff, | **MOTION DATE** 05/20/2024, 06/18/2024 |
| - v - | **MOTION SEQ. NO.** 002 003 |
| NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY, | |
| Defendant. | **DECISION + ORDER ON MOTION** |

-----------------------------------------------------------------------------------X

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 85, 86

were read on this motion to/for         SUMMARY JUDGMENT(AFTER JOINDER                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 76, 77, 78, 79, 80, 81, 82, 83, 84, 87, 88, 89, 90

were read on this motion to/for         AMEND CAPTION/PLEADINGS                    .

In Motion Sequence 002 of this breach of contract action, defendant New York City Industrial Development Agency ("Defendant") moves for summary judgment dismissing the second, third, and fourth causes of action of plaintiffs Candid Litho Printing Ltd. ("Candid") and 25-11 Hunters Point LLC ("Hunters Point") (collectively, "Plaintiffs").  In Motion Sequence 003, Plaintiffs move for leave to amend the Complaint's second and third causes of action.  Both motions are opposed except that Plaintiffs have withdrawn their fourth cause of action.  The motions are consolidated herein for disposition.

Defendant is a public benefit corporation established pursuant to Article 18-A of the New York Municipal Law.  It states that its mission is to encourage economic development in New York City to assist in the creation and retention of jobs (NYSCEF Doc. No. 40).  In order to

**653948/2020   CANDID LITHO PRINTING LTD. vs. NEW YORK CITY INDUSTRIAL**                    **Page 1 of 8**
**Motion No.  002 003**

[* 1]

achieve this goal, Defendant provides financial assistance to eligible companies. In a program created by Defendant ("PILOT Program"), an eligible recipient is exempted from New York City property taxes, including mortgage recording taxes, in exchange for contractual payments in place of property taxes in an amount less than those taxes. A PILOT project is typically for a 25-year term and requires project companies to covenant that a project site be used for specific types of business for the duration of the term in exchange for program benefits.

This action arises out of Plaintiffs' enrollment in the PILOT Program in connection with their purchase of a building at 25-11 Hunters Point Avenue in Queens ("the Facility"). Plaintiffs purchased the Facility in 2007. The purchase was financed by mortgages from General Electric Capital Corporation (*see* NYSCEF Doc. No. 45, "GECC Mortgage") and the Empire State Development Corporation. One of the benefits Plaintiffs obtained from the PILOT program was the waiver of the mortgage recording tax for the GECC Mortgage (*id.*). Thereafter, a lease-leaseback transaction occurred wherein Hunters Point leased the Facility to Defendant after purchase (NYSCEF Doc. No. 41, Company Lease), and Defendant subleased its interest back to Hunters Point (NYSCEF Doc. No. 42, Lease Agreement). Hunters Point then subleased the Facility to Candid (NYSCEF Doc. No. 43, Sublease).

Candid operated a printing business out of the Facility until 2017, when, due to financial hardship, it decided to terminate the project, move its business out of the Facility and sell the property. The Lease Agreement between Defendant and Hunters Point contains provisions addressing early termination. Specifically, Section 8.1 gives Hunters Point the option to terminate both the Lease Agreement and the Company Lease and provides that in the event of a termination, on a scheduled termination date, Hunters Point must deliver to Defendant "with respect to any mortgage on the facility for which the Agency shall have granted a mortgage

**653948/2020   CANDID LITHO PRINTING LTD. vs. NEW YORK CITY INDUSTRIAL**
**Motion No.  002 003**

**Page 2 of 8**

2 of 8

recording tax exemption, an executed satisfaction of such mortgage in recordable form, executed by mortgagee" (Lease Agreement § 8.1[a][iv][x]). Section 9.2 states that the Lease Agreement, Company Lease, and Sublease "shall be subject and subordinate to the Mortgages and to such mortgage liens and security interests so created thereby; provided, however, that nothing in the Mortgages shall impair the Agency's ability to enforce its rights hereunder against the Lessee." A rider to the GECC Mortgage ("Rider") provides that in the event the Lease Agreement is terminated: "the Lender shall prepare and deliver to the Agency and the Grantor, and the Agency and the Grantor shall execute, any documents necessary to amend and restate the Mortgage, in order to remove the Agency as a party hereto" (GECC Mortgage at 17).

Plaintiffs notified Defendant of its decision and identified a purchaser for the building, and the parties prepared to terminate the project as of August 31, 2017. Plaintiffs concede Candid vacated the Facility and moved its operations to a location on Long Island in preparation for a closing on that date. However, according to Plaintiffs, "[a]s is unfortunately typical with New York financial and real estate transactions, there were delays. The property purchaser could not re-commit to closing until January 2018" (NYSCEF Doc. No. 72, Weinstein aff, 4). To meet its expenses until the new closing, including its expenses to operate at its new location, Plaintiffs obtained a bridge loan from a nonparty, Avant. Plaintiffs contend they asked Defendant to delay the project termination date until January 2018, and as part of that plan, the GECC Mortgage would have been assigned to Avant. Plaintiffs claim Defendant rejected this proposal and compelled them to provide a satisfaction for the GECC Mortgage. As a result, Plaintiffs were required to pay a $180,401 mortgage recording tax. Plaintiffs allege this amounted to a breach of the Lease Agreement and this action followed.

**653948/2020   CANDID LITHO PRINTING LTD. vs. NEW YORK CITY INDUSTRIAL**
**Motion No.  002 003**

**Page 3 of 8**

3 of 8

[* 3]

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853). Should the movant make its prima facie showing, the burden shifts to the opposing party, who must then produce admissible evidentiary proof to establish that material issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

A breach of contract claim requires the plaintiff to show that a contract exists, that the plaintiff performed in accordance with the contract, that the defendant breached its contractual obligations, and that the breach resulted in damages (*34-06, LLC v Seneca Ins. Co.*, 39 NY3d 44, 52 [2022]). "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (*Greenfield v Philles Recs., Inc.*, 98 NY2d 562, 569 [2002]). "When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations" (*112 West 34th St. Assoc., LLC v 112-1400 Trade Properties LLC*, 95 AD3d 529, 531 [1st Dept 2012], quoting *Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2d Dept 2007]).

In Motion Sequence 002, Defendant moves for summary judgment dismissing Plaintiffs' second and third causes of action. Plaintiffs' second cause of action alleges that Defendant breached the Lease Agreement by depriving Plaintiffs of the benefit of the mortgage recording tax exemption for the satisfaction of the GECC Mortgage (Complaint ¶¶ 59-63). Defendant argues this claim must be dismissed because it followed the procedure set forth in Section 8.1 of

**653948/2020   CANDID LITHO PRINTING LTD. vs. NEW YORK CITY INDUSTRIAL**
**Motion No.  002 003**

**Page 4 of 8**

4 of 8

the Lease Agreement, which required Plaintiffs to deliver a satisfaction of mortgage in the event the lease is terminated early. It maintains it could not have extended the termination until January 2018, as requested by Plaintiffs, because Candid had already vacated the Facility, and its operation in the Facility during the project's term is a requirement of the PILOT Program. In opposition, Plaintiffs contend the Rider gave them the right to remove Defendant from the GECC Mortgage and continue to carry the Mortgage after termination of the Lease Agreement. Plaintiffs maintain the Rider supersedes contrary provisions in the Lease Agreement pursuant to Section 9.2, which they contend states that the Lease Agreement is subordinate to the GECC Mortgage.

The Court finds that Defendant is entitled to dismissal of the second cause of action. Section 8.1(a)(iv)(x) of the Lease Agreement requires Hunters Point to provide a satisfaction of mortgage for mortgages to which Defendant granted a mortgage recording tax exemption, as Defendant did with the GECC Mortgage. Plaintiffs do not demonstrate any provision of the Lease Agreement that runs contrary to this obligation, nor do they show that Defendant was required to grant a mortgage recording tax exemption in connection with the requisite satisfaction of mortgage as part of the project's termination. While the Rider directs Defendant to execute documents necessary to remove it as a party to the Mortgage as part of a termination, it does not compel Defendant to do so as part of the Plaintiffs obtaining a bridge loan to cover operating expenses after they already vacated the Facility, and it does not compel Defendant to grant the mortgage recording tax exemption as part of any associated satisfaction of mortgage. Even if the Rider did require these things, Section 9.2 of the Lease Agreement provides that that agreement is subordinate to the GECC Mortgage's terms only if they do not "impair the

653948/2020   CANDID LITHO PRINTING LTD. vs. NEW YORK CITY INDUSTRIAL
Motion No.  002 003

Page 5 of 8

Agency's ability to enforce its rights hereunder." Therefore, the Rider could not in any event be used to avoid delivery of the satisfaction of mortgage.

Defendant further moves for summary judgment dismissing Plaintiffs' third cause of action, which alleges that Defendant breached its fiduciary duty to them by forcing the termination of the project prior to the sale of the Facility. The Court finds that Defendant is entitled to dismissal of this claim, as there is nothing in the record that indicates that Defendant had a fiduciary relationship with Plaintiffs, and Plaintiffs do not offer any evidence that would create an issue of fact as to the existence of such a duty.

In Motion Sequence 003, Plaintiffs move to amend their second and third causes of action. Discretionary leave to amend pleadings under CPLR 3025(b) should be freely given unless doing so would result in surprise or prejudice to the nonmoving party (*Kocourek v Booz Allen Hamilton Inc.*, 85 AD3d 502, 504 [1st Dept 2011]). Nevertheless, leave to amend will be denied when the proposed pleading fails to state a cause of action, is palpably insufficient as a matter of law, or is devoid of merit (*Thompson v Cooper*, 24 AD3d 203, 205 [1st Dept 2005]; *Perrotti v Becker, Glynn, Melamed & Muffly LLP*, 82 AD3d 495, 498 [1st Dept 2011], quoting *MBIA Ins. Corp v Greystone & Co., Inc*, 74 AD3d 499, 500 [1st Dept 2010]).

Plaintiffs first seek to amend their second cause of action so that it alleges that Defendant breached the Rider by denying an exemption to the mortgage recording tax. The Court denies this branch of Plaintiffs' motion as the proposed amendment fails to state a cause of action for breach of contract. The Rider cannot be read as requiring Defendant to grant a mortgage recording tax exemption in connection with a satisfaction of the mortgage.

Plaintiffs next seek to amend their third cause of action to allege that Defendants breached the covenant of good faith and fair dealing by choosing to demand that Plaintiffs

**653948/2020   CANDID LITHO PRINTING LTD. vs. NEW YORK CITY INDUSTRIAL**
  **Motion No.  002 003**

**Page 6 of 8**

6 of 8

[* 6]

provide a satisfaction of the GECC Mortgage rather than consent to its assignment to a nonparty lender. They argue: "Defendant's use of its discretionary authority to require [Hunters Point] to deliver a satisfaction of mortgage for the GECC Mortgage was done in bad faith" which "caused Plaintiffs to lose a Project benefit that they were entitled and had earned" (NYSCEF Doc. No. 89, Proposed Amended Complaint ¶¶ 85-86).

The covenant of good faith and fair dealing "embraces a pledge that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract'" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2022], quoting *Dalton v Educ. Testing Serv.*, 87 NY2d 384, 389 [1995]). The covenant encompasses "any promises which a reasonable person in the position of the promisee would be justified in understanding were included" (*id.*, quoting *Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 69 [1978]), but cannot be used to imply an obligation "which would be inconsistent with other terms of the contractual relationship" (*id.*, quoting *Murphy v Am. Hom. Prods. Corp.*, 58 NY2d 293, 304 [1983]). Additionally, a cause of action for breach of the covenant of good faith and fair dealing is duplicative of a breach of contract claim when both claims are "based on the same allegations and seek the same damages" (*Tillage Commodities Fund, L.P. v SS&C Tech., Inc.*, 151 AD3d 607, 608 [1st Dept 2017], quoting *Ullmann-Schneider v Lacher & Lovell-Taylor, P.C.* [1st Dept 2014]).

The Court finds that this proposed cause of action is duplicative of Plaintiffs' breach of contract claim and otherwise fails to state a claim for breach of the covenant. The claim is based upon the same facts and damages as the breach of contract cause of action: Defendant compelled Plaintiffs to provide a satisfaction of mortgage and caused $180,401 in damages by not allowing an exemption to the mortgage recording tax. Plaintiffs' attempt to distinguish this proposed

653948/2020   CANDID LITHO PRINTING LTD. vs. NEW YORK CITY INDUSTRIAL
Motion No.  002 003

Page 7 of 8

claim by alleging that Defendant used discretion in bad faith must fail. There is nothing in the plain language of the Lease Agreement or the other contracts that could create a reasonable expectation that Plaintiffs would be entitled to a mortgage recording tax exemption in the event of an early termination or that Defendant had discretion to give the exemption after the space was no longer being used for a purpose permitted by the PILOT Program.

Accordingly, it is hereby:

ORDERED that Defendant's motion (Motion Sequence 002) is granted in its entirety, and Plaintiffs' second and third causes of action are dismissed; and it is further

ORDERED that Plaintiffs' motion to amend the Complaint (Motion Sequence 003) is denied; and it is further

ORDERED that a Status Conference shall be held on October 15, 2024 at 9:30 a.m. in person at 60 Centre Street, Room 212.

| 9/27/2024 | | | | |
| --- | --- | --- | --- | --- |
| **DATE** | | | **LORI S. SATTLER, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | GRANTED | | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**653948/2020  CANDID LITHO PRINTING LTD. vs. NEW YORK CITY INDUSTRIAL**
**Motion No.  002 003**

**Page 8 of 8**

8 of 8