| |
|---|
| **Newmark & Co. Real Estate, Inc. v Acier Holdings, LLC** |
| 2024 NY Slip Op 34508(U) |
| December 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651956/2022 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

------------------------------------------------------------------------------X

NEWMARK & COMPANY REAL ESTATE, INC. D/B/A
NEWMARK

|  | |
|---|---|
| **INDEX NO.** | 651956/2022 |

Plaintiff,

| **MOTION DATE** | 04/12/2024 |
|---|---|

- v -

| **MOTION SEQ. NO.** | 001 |
|---|---|

ACIER HOLDINGS, LLC,

Defendant.

**DECISION + ORDER ON MOTION**

------------------------------------------------------------------------------X

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Plaintiff Newmark & Company Real Estate, Inc. d/b/a Newmark ("Plaintiff") moves for

summary judgment on its breach of contract cause of action against defendant Acier Holdings,

LLC ("Defendant") and for dismissal of Defendant's counterclaims.  Defendant opposes the

motion.

Defendant, a real estate investor, engaged Plaintiff as a broker to apply for financing on

Defendant's behalf for two New Jersey residential property developments, "Jersey Walk" located

at 925 E. Jersey Street in Elizabeth, and "Halo" located at 289 Washington Street in Newark,

pursuant to a Financing Authorization Agreement (NYSCEF Doc. No. 21, "Agreement").  The

Agreement appointed Plaintiff as Defendant's exclusive agent from April 30, 2021 through July

14, 2021 (the "Exclusive Period").  Plaintiff was to "coordinate property inspections and market

tours, provide market and financial analyses as requested by such Lenders, provide advice to

[Defendant] in the negotiation of the terms and conditions of the application/commitment

**651956/2022   NEWMARK & COMPANY REAL ESTATE, INC. D/B/A NEWMARK vs. ACIER HOLDINGS, LLC**
**Motion No.  001**

**Page 1 of 6**

[* 1]

agreements and loan documents, assist in review and briefing of tenant leases and other operating and ownership agreements, and provide closing support."

The Agreement entitled Plaintiff to a transaction fee, worth a percentage of the amount of any loan entered into by Defendant on the properties, under two circumstances: (1) if a loan closed "during the Exclusive Period or pursuant to a commitment or term sheet or letter of intent entered into during the Exclusive Period," and (2) "If, within six (6) months after expiration of the Exclusive Period, [Defendant] accepts a commitment or enters into a term sheet or letter of intent with a Lender to which the Properties were submitted during the Exclusive Period by [Plaintiff] or any other party, including [Defendant], and a consummation of such Loan takes place." The transaction fee was worth 1% the amount of a given loan, or reduced to 0.25% for certain lenders including nonparty Madison Realty Capital.

Defendant obtained financing for Jersey Walk in a $60.5 million loan recorded July 15, 2021 from a lender designated "901-931 East Jersey Street 1 LLC c/o Madison Realty Capital" (NYSCEF Doc. No. 32). Plaintiff did not submit Jersey Walk to this lender, was not involved with the preparation of the May 25, 2021 term sheet for this transaction, and did not participate in the closing discussions that occurred on or about July 13, 2021 (NYSCEF Doc. Nos. 43, 47). Plaintiff was not paid a transaction fee in connection with this loan.

Plaintiff had provided Defendant with a draft Offering Memorandum for Jersey Walk on May 26, 2021, for which it received comments from one of Defendant's partners, Dov Zabrowsky ("Zabrowsky") (NYSCEF Doc. No. 48). Plaintiff subsequently communicated with two prospective lenders for Jersey Walk (NYSCEF Doc. Nos. 26, 27). However, on June 13 Zabrowsky sent an email to Plaintiff directing it to "focus on [Halo] now and revisit Jersey Walk at a later time" (NYSCEF Doc. No. 30).

651956/2022   NEWMARK & COMPANY REAL ESTATE, INC. D/B/A NEWMARK vs. ACIER HOLDINGS, LLC
Motion No. 001

Page 2 of 6

2 of 6

Defendant took out a $90 million loan on Halo from nonparty Parkview Financial ("Parkview") in January 2022. Defendant initiated communications with Parkview about a prospective loan on May 21, 2021 (Doc. No. 33). Parkview provided Defendant with a letter of intent for a loan for Halo on May 26, which included a 0.25% transaction fee for Plaintiff (NYSCEF Doc. No. 34). Plaintiff was not involved in these discussions. Zabrowsky signed a term sheet with Parkview on behalf of Defendant on August 2, 2021, the loan was approved on November 19, 2021, and closed on January 10 (NYSCEF Doc. Nos. 34, 41, 42). However, Zabrowsky asked Parkview to remove Plaintiff from the closing (NYSCEF Doc. No. 35), and Plaintiff was not paid a transaction fee in connection with the Parkview loan.

Plaintiff had sent Defendant a draft offering memorandum for Halo on June 28, 2021 (NYSCEF Doc. No. 36) and a set of marketing materials on July 9 for an anticipated launch the following week (NYSCEF Doc. No. 37). Zabrowsky replied to proposed marketing package on July 12, stating "We don't want it to be blasted out please send over the list of lenders you want it to be sent to and work from there" (NYSCEF Doc. No. 38). On July 22, Plaintiff informed Defendant that it had received "good feedback" from four potential lenders and had scheduled discussions with others and Defendant responded by sharing due diligence materials on July 23 (NYSCEF Doc. No. 39).

Plaintiff commenced this action seeking recovery of the transaction fees it claims it is owed under the Agreement. In its Answer, Defendant interposed counterclaims alleging that Plaintiff breached the contract and the covenant of good faith and fair dealing due to its purported failure to submit either property for financing during the Exclusive Period.

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any

651956/2022   NEWMARK & COMPANY REAL ESTATE, INC. D/B/A NEWMARK vs. ACIER HOLDINGS, LLC
Motion No. 001

Page 3 of 6

3 of 6

material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Should the movant make its prima facie showing, the burden shifts to the opposing party, who must then produce admissible evidentiary proof to establish that material issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

A cause of action for breach of contract requires a plaintiff to demonstrate "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (*Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [1st Dept 2010], *citing Morris v 702 E. Fifth St. HDFC*, 46 AD3d 478, 479 [1st Dept 2007]). "When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations" (*112 West 34th St. Assoc., LLC v 112-1400 Trade Properties LLC*, 95 AD3d 529, 531 [1st Dept 2012], quoting *Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2d Dept 2007]). "A material breach is a failure to do something that is so fundamental to a contract that the failure to perform that obligation defeats the essential purpose of the contract" (*Feldmann v Scepter Group, Pte. Ltd.*, 185 AD3d 449, 450 [1st Dept 2020], quoting *O & G Indus., Inc. v National R.R. Passenger Corp.*, 537 F3d 153, 163 [2d Cir 2008]).

It is undisputed that the Agreement was a valid contract under which Plaintiff was entitled to a transaction fee on any loan that closed during either the Exclusive Period or six months thereafter with a lender to which the properties had been submitted by any party during the Exclusive Period. There is also no dispute that Defendant did not pay Plaintiff a transaction

651956/2022 NEWMARK & COMPANY REAL ESTATE, INC. D/B/A NEWMARK vs. ACIER HOLDINGS, LLC
Motion No. 001

Page 4 of 6

fee for the Jersey Walk loan it entered during the Exclusive Period or for the Halo loan that closed within six months of the end of the Exclusive Period.

In opposition, Defendant argues that there are questions of fact as to whether Plaintiff performed under the Agreement because of its purported failure to adequately market the properties during the Exclusive Period. It claims that Plaintiff only submitted Jersey Walk to two lenders during the Exclusive Period, did not submit Halo until after the Exclusive Period ended, and that these acts amounted to a material breach of the Agreement or otherwise deprived it of the benefits of the Agreement. In response, Plaintiff maintains that it stopped marketing Jersey Walk at Defendant's instruction, the Agreement did not specify how many lenders it was supposed to submit the properties to during the Excusive Period, and that any delay it had in submitting the properties was non-material as Defendant accepted its services after the Exclusive Period expired.

The undisputed record shows that Plaintiff performed under the Agreement with respect to both properties by providing Defendant with a draft offering memorandum and communicating with two prospective lenders before Zabrowsky instructed it to focus on Halo and revisit Jersey Walk later. The Agreement's plain language provides that Plaintiff is entitled to a transaction fee if, during the Exclusive Period or within six months after the expiration of that period, Defendant "accepts a commitment or enters into a term sheet or letter of intent with a Lender to which the Properties were submitted during the Exclusive Period by [Plaintiff] or any other party, including [Defendant], and a consummation of such Loan takes place." Thus, Plaintiff is entitled to its fee even in this instance where Defendant obtained the financing itself under the plain language of the agreement. Accordingly, the Court finds that Plaintiff is entitled

651956/2022   NEWMARK & COMPANY REAL ESTATE, INC. D/B/A NEWMARK vs. ACIER
HOLDINGS, LLC
Motion No.  001

Page 5 of 6

5 of 6

to summary judgment on its breach of contract cause of action, and for dismissal of Defendant's breach of contract counterclaim.

Summary judgment is also granted dismissing Defendant's counterclaim for breach of the covenant of good faith and fair dealing. A cause of action for breach of the covenant of good faith and fair dealing must be dismissed as duplicative of a breach of contract claim when both claims are "based on the same allegations and seek the same damages" (*Tillage Commodities Fund, L.P. v SS&C Tech., Inc.*, 151 AD3d 607, 608 [1st Dept 2017], quoting *Ullmann-Schneider v Lacher & Lovell-Taylor, P.C.* [1st Dept 2014]). Here, Defendant's counterclaim is premised on the same alleged facts as its breach of contract claim, i.e., that Plaintiff failed to market the properties during the Exclusive Period as it was required to do under the Agreement. As the Court has found that Plaintiff performed under the Agreement and dismissed Defendant's breach of contract counterclaim, it must also dismiss the breach of implied covenant counterclaim.

Accordingly, it is hereby:

ORDERED that Plaintiff's motion for summary judgment is granted in its entirety; and it is further

ORDERED that Defendant's counterclaims are dismissed; and it is further

ORDERED that Plaintiff Newmark & Company Real Estate, Inc. d/b/a Newmark is entitled to judgment as against Defendant Acier Holdings, LLC in the amount of $376,250.00 with statutory interest from the date of entry of this order, and the Clerk is directed to enter judgment accordingly.

| 12/20/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LORI S. SATTLER, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

651956/2022   NEWMARK & COMPANY REAL ESTATE, INC. D/B/A NEWMARK vs. ACIER HOLDINGS, LLC
Motion No. 001

Page 6 of 6

6 of 6

[* 6]