## Namdar E. 106 LLC v Manna House Workshops, Inc.

2026 NY Slip Op 30786(U)

March 5, 2026

Supreme Court, New York County

Docket Number: Index No. 153157/2020

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. SABRINA KRAUS**                    PART                           57M

*Justice*

-----------------------------------------------------------------------------X

NAMDAR EAST 106 LLC, 338 E 106 BH LLC,                  INDEX NO.            153157/2020

                                            Plaintiffs,             MOTION DATE          02/04/2026

- v -                                                      MOTION SEQ. NO.          004

MANNA HOUSE WORKSHOPS, INC., A & A EAST 106
LLC, AVI ISHTA                                           **DECISION + ORDER ON
                                                            MOTION**
                                            Defendants.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 1, 14, 32, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160

were read on this motion to/for                SUMMARY JUDGMENT (AFTER JOINDER)          .

## BACKGROUND

Klosed Properties, Inc. ("Klosed") commenced this action against Manna House

Workshops, Inc. ("Manna"), A & A East 106 LLC ("A & A"), and Avi Ishta seeking damages

and other relief for breach of contract in connection with a contract for the sale of Manna's

property located at 338 East 106th Street, New York, NY (the "Property").

## FACTS

Plaintiffs submit the following evidence from the record support of their motion.

Manna is a not-for-profit organization incorporated in the State of New York. Sometime

in September 2019, Klosed, Plaintiffs' predecessor-in-interest, entered into a contract

("Contract") with Manna authorizing the sale of the Property for $1.8 million with a closing date

on or about 10 days after Manna received approval of the sale from the New York State Attorney

General (NYSCEF Doc No. 144, at 3; *see* Not-for-Profit Corporation Law § 511(a) [*providing*

153157/2020   KLOSED PROPERTIES, INC. vs. MANNA HOUSE WORKSHOPS, INC.                Page 1 of 5
Motion No.  004

*that a nonprofit corporation must submit a petition to the Attorney General in order to sell substantially all its assets*]).

Unbeknownst to Plaintiffs, Manna then entered into another contract for the sale of the Property with A & A, and the two filed a Memorandum of Contract memorializing the transaction with New York City's Office of the Register (NYSCEF Doc No. 145).

## RELEVANT PROCEDURAL HISTORY

On January 15, 2021, the Court (Kelly, J.S.C.) issued a decision and order granting Plaintiffs' motion for a default judgment as against defendants A & A East 106 LLC and Avi Ishta (NYSCEF Doc No. 14).

On February 10, 2021, the Court (Kelly, J.S.C.) amended the January 15, 2021, decision and order, adding that Plaintiffs were entitled to a declaratory judgment on their third cause of action finding that the Notice of Memorandum was void and invalid and would be stricken from the property records of the County Clerk. The order also severed the balance of the action (NYSCEF Doc No. 32).

## PENDING MOTION

On February 27, 2026, Plaintiffs moved for partial summary judgment as against Manna (NYSCEF Doc No. 139 [mot. seq. 004]). Plaintiffs specifically move for summary judgment on the first, sixth and seventh causes of action.

The motion was marked submitted on February 27, 2026. Manna did not file opposition.

The Court grants the motion in part for the reasons set forth below.

## DISCUSSION

Summary judgment is a drastic remedy reserved for cases where "no material and triable issue of fact is presented" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404

**153157/2020   KLOSED PROPERTIES, INC. vs. MANNA HOUSE WORKSHOPS, INC.**
**Motion No.  004**

**Page 2 of 5**

2 of 5

[1957]). To prevail on summary judgment, the movant must establish *prima facie* entitlement to judgment as a matter of law, tendering evidence in admissible form demonstrating the absence of any triable issues of fact (CPLR § 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25–26 [2019]). Failure to make such a showing requires denial of the motion, "regardless of the sufficiency of the opposing papers" (*Winegrad v N.Y. Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

An unopposed motion for summary judgment will be denied either upon a movant's failure to establish a *prima facie* case or "where the evidence creates a question of fact" (*Yonkers Ave. Dodge, Inc. v BZ Results, LLC*, 95 AD3d 774, 774–75 [1st Dept 2012]). Courts view the evidence in a light most favorable to the nonmovant and accord the nonmovant "the benefit of every reasonable inference" (*Negri v Stop & Shop, Inc.*, 65 NY2d 625, 626 [1985]).

### The Court Grants Plaintiffs' Motion for Summary Judgment as to Their First Cause of Action for Breach of Contract

To establish a breach of contract, a plaintiff must demonstrate that (1) the parties entered into a valid agreement, (2) the plaintiff performed, (3) the defendant failed to perform and (4) the plaintiff suffered damages (*Flomenbaum v New York Univ.*, 71 AD3d 80, 91 [1st Dept 2009]). Further, an anticipatory repudiation occurs when "a party repudiates contractual duties prior to the time designated for performance and before all of the consideration has been fulfilled" (*Norcon Power Partners, L.P. v Niagara Mohawk Power Corp.*, 92 NY2d 458, 462–63 [1998] [internal quotations omitted]). A party harmed by anticipatory repudiation may choose to pursue damages for breach (*Princes Point LLC v Muss Dev. L.L.C.*, 30 NY3d 127, 133 [2017]).

Plaintiffs submit evidence that they and Manna were parties to the Contract executed on September 11, 2019, for the Sale of the Property (NYSCEF Doc No. 144) and that sometime after they contracted but prior to February 26, 2020, Manna then entered into another contract for

153157/2020   KLOSED PROPERTIES, INC. vs. MANNA HOUSE WORKSHOPS, INC.          Page 3 of 5
Motion No.  004

3 of 5

sale of the Property with A & A (NYSCEF Doc No. 145, at 1). Plaintiffs have thus established a *prima facie* case that Manna anticipatorily repudiated the Contract when Manna subsequently contracted with A & A for the sale of the same Property.

Accordingly, the Court grants Plaintiffs' motion for summary judgment as to their first cause of action.

### The Court Grants Plaintiffs' Motion as to Their Sixth Cause of Action for Return of the Downpayment

Plaintiff moves for summary judgment as to their sixth cause of action for "Return of Deposit" against Manna House (NYSCEF Doc No. 155). While "return of deposit" is not a cause of action recognized in the State of New York, Plaintiffs appear to request this as a measure of alternative damages to the specific performance of the sale of the Property as Manna has since allowed the Property to accrue an unpaid balance of over $1.6 million in taxes and other fees (NYSCEF Doc No. 153).

In support of their determination of damages, Plaintiffs cite the Contract which stipulated that they would pay Manna a $135,000.00 downpayment and also an email from Plaintiffs' attorney to the Court stating that the $135,000.00 was being held in escrow by Manna's attorney (*see* NYSCEF Doc No. 149).

Summary judgment is granted on this claim.

### The Court Denies Plaintiffs' Motion as to Their Seventh Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing

All contracts in the State of New York imply a covenant of good faith and fair dealing during the course of their performance (*Transit Funding Assoc., LLC v Capital One Equip. Fin. Corp.*, 149 AD3d 23, 29 [1st Dept 2017]). The implied covenant requires that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to

153157/2020   KLOSED PROPERTIES, INC. vs. MANNA HOUSE WORKSHOPS, INC.          Page 4 of 5
Motion No.  004

4 of 5

receive the fruits of the contract" (*Cordero v Transamerica Annuity Serv. Corp.*, 39 NY3d 399, 409 [2023]).

Plaintiffs argue that Manna breached the implied covenant of good faith and fair dealing when Manna contracted with A & A to sell A & A the Property (NYSCEF Doc No. 141, at 9). However, this argument involves a claim that is "based on the same allegations and seek[s] the same damages" as their breach of contract claim and thus is "duplicative of the breach of contract claim" (*Tillage Commodities Fund, L.P. v SS&C Tech., Inc.*, 151 AD3d 607, 608 [1st Dept 2017]). While Plaintiffs' complaint alleges that the breach of the implied covenant of good faith and fair dealing arose out of Manna's failure to submit a petition for the sale of the Property to the Attorney General (*see* NYSCEF Doc No. 155, at 18), Plaintiffs' supporting papers contain no such argument nor evidence.

Accordingly, the Court denies Plaintiffs' motion for breach of the implied covenant as they have not met their *prima facie* burden.

## CONCLUSION

Accordingly, it is hereby:

ORDERED that Plaintiffs' motion summary judgment (mot. seq. 004) is granted to the extent above.

This constitutes the decision and order of this Court.

2026030510400 7SBKRAUSF002E8EEE9E547DEB444ECCAA0D847C6

| 3/5/2026 | | | SABRINA KRAUS, J.S.C. | |
|----------|---|---|-----------------------|---|
| **DATE** | | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**153157/2020   KLOSED PROPERTIES, INC. vs. MANNA HOUSE WORKSHOPS, INC.**          **Page 5 of 5**
**Motion No.  004**

5 of 5

[* 5]